## Freedley v. Jacoby, Appellant.

*Contract—Illegal contract—Wagering contract—Stock gambling—Affidavit of defense.*

One who undertakes to make a bet or wager for another and advances the money staked has no right of action against his principal in the event of loss.

Where two persons agree between themselves to speculate in stocks on a margin, without any intention to buy and pay for the stocks and accept the delivery thereof, but simply to deal in the rise and fall of the market and share in the loss or gains of such dealings, one of the two persons, who has advanced the money for such purpose, cannot recover from the other the latter's share of the loss.

Argued March 23, 1908.    Appeal, No. 20, Jan. T., 1908, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1907, No. 5,491, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry Freedley, Executor, v. William F. Jacoby.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Jos. C. Heulings*, with him *Wm. Howard Ramsay*, for appellant.—A transaction in stocks by way of margin, settlement of differences and payment of gain or loss without intending to deliver the stocks, is a gambling or wagering operation which the law does not sanction and will not carry into effect: Waugh v. Beck, 114 Pa. 422; Fareira v. Gabell, 89 Pa. 89.

*Francis S. Cantrell, Jr.*, with him *Francis S. Cantrell*, for appellee.—The buying and selling of stocks for speculation on margin is not gambling: Taylor & Co.'s Assigned Estate, 192

Pa. 304; Peters v. Grim, 149 Pa. 163; MacDonald v. Gessler, 208 Pa. 177.

A stakeholder may be required to repay money deposited with him as a bet, if demand be made before the happening of the event upon which the settlement of the bet depends: Bernard v. Taylor, 18 L. R. A. 859.

Money deposited with a broker as margin for gambling transactions which are all closed and settled, may be recovered: Peters v. Grim, 149 Pa. 163.

Money loaned on an assertion that it was to be used for a bet but not used to carry any specific bet into execution, may be recovered: Scott v. Duffy, 14 Pa. 18.

OPINION BY MR. JUSTICE BROWN, April 20, 1908:

The defense set up by this appellant in his affidavit of defense, though most ungracious, is a legal one under the settled policy of the law, and we must so declare. He is sued on his promissory note for $4,500, given to Alexander McCoy—apparently his friend—on May 2, 1907, and payable on demand. McCoy died two days afterwards and, in resisting payment of this note, the appellant avers that it was given in settlement of the amount advanced for him by the decedent in joint gambling or wagering operations which they had carried on for a little more than a month prior to McCoy's death. The material averments in the affidavit of defense are that in March, 1907, the appellant and McCoy agreed between themselves, each with the other, that they would engage in buying and selling stocks and other securities on what is known as "margins," and would speculate on the rise or fall of such stocks and securities above or below the price at which they bought or sold the same; that any profits made in such transactions were to be equally divided between them and all losses incurred to be equally borne by them; that all moneys used in said transactions were to be and were advanced by McCoy for the joint account of himself and appellant; that from March 26, 1907, until the death of McCoy they had purchased and sold nearly 4,000 shares of stocks on margins, all of which had been disposed of except 1,150 shares; that on May 9, 1907, the appellant and the appellee, as executor of McCoy, had the remaining 1,150 shares transferred on the

books of their brokers, one-half thereof to the account of the estate of Alexander McCoy and one-half to that of the defendant, the same having been dealt in under the agreement aforesaid ; that at no time during the period between March 26 and May 4, 1907, had McCoy or the appellant paid the purchase money for any of the said stocks, or had any portion of the same in their possession ; that it was not their intention, or the intention of either of them, at any time, to pay for the said stocks, and accept delivery of the same ; that at no time had either of them any other interest in the transactions than the gain or loss which might happen upon the uncertainty of the rise or fall in the price of said stocks, and they were jointly interested only in the settlement of the differences in the purchase and sale or sale and purchase thereof.

The essence of the foregoing averments is that under an agreement between the appellant and McCoy they speculated jointly on the rise and fall of stocks through the agency of a firm of brokers ; that their operations were of a gambling or wagering character, as they never had any of the stock or securities in their possession, and it was not their intention that they should have and that the moneys given the brokers in these joint transactions were advanced by McCoy, for half of which the note in suit was given.   Under these averments the plaintiff cannot now have judgment.   Fareira v. Gabell, 89 Pa. 89, and Waugh v. Beck, 114 Pa. 422, are conclusive of this.   In the first of these cases we adopted the following from the charge of Judge HARE in the court below : " One who should undertake to make a bet or wager for another, and advance the money staked, would have no right of action against his principal in the event of loss."   In the second we said : " As a general rule money loaned for the specific purpose that it shall be used by the borrower to do an act in violation of law, and has been so used, cannot be recovered back by the lender.   It is not enough to defeat recovery by the lender that he knew of the borrower's intention to illegally appropriate the loan ; he must know that the borrower is purposing the specific illegal use, and must be implicated as a confederate in the transaction : Wharton, Cont. 341–2–3.   ' Where stock-jobbing is illegal, money lent for the purpose of carrying it on cannot be recovered, supposing it was lent knowingly and with the purpose of

furthering the illegal act:' Id. 453. . . . Where a man lends money to another for the express purpose of enabling him to commit a specific unlawful act, and such act be afterwards committed by means of the aid so received, the lender is a particeps criminis."

The court below, on the authority of MacDonald v. Gessler, 208 Pa. 177, deemed the affidavit of defense insufficient, because it contains no averment of an intention on the part of the brokers to engage in stock gambling with McCoy and Jacoby. If this were a suit by the brokers to recover from the appellant moneys advanced by them for carrying stocks for him, the view of the court below would undoubtedly be correct. But this is not such a controversy. According to the affidavit of defense, McCoy and Jacoby agreed to embark in an unlawful enterprise; that in pursuance of such agreement they did so embark under a further agreement that the funds needed should be paid, in the first instance, by one of them; that the one who so agreed to advance the moneys did advance them in the unlawful enterprise, and the claim of his personal representative is for one-half of what was so advanced. For the present the brokers are not in the case. They may get into it on the trial, if it should become necessary for the plaintiff to show that the appellant's note does not bear the taint he himself would put upon it to avoid paying what in honor and good faith he ought to pay.

Judgment reversed and a procedendo awarded.