## Berg *v.* Flickinger, Appellant.

*Contracts—Gambling contracts—Sale of stock—Contention of parties.*

In an action by a stockbroker against a customer to recover for a loss sustained by reason of the sale of stock, the question whether the transaction did or did not involve a gambling contract is to be determined by the intention of the parties. If the plaintiff sold the stock on the order of the defendant, in good faith, expecting the stock to be delivered in pursuance of the sale, then the transaction was not a gambling one, even though the defendant so understood it.

Argued Nov. 9, 1908. .Appeal, No. 199, Oct. T., 1907, by defendant, from judgment of C. P. Berks Co., June T., 1906, No. 70, on verdict for plaintiff in case of Daniel E. Berg v. Martin M. Flickinger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover a loss resulting from a sale of stock. Before ENDLICH, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $318. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. B. Bechtel,* for appellant.—The transaction was of a gambling nature: Bibb v. Allen, 149 U. S. 481 (13 Sup. Ct. Repr. 950); Clews v. Jamieson, 182 U. S. 461 (21 Sup. Ct. Repr. 845); Armstrong v. Bickel, 217 Pa. 173; Dows v. Glaspel, 60 N. W. Repr. 60; Waite v. Frank, 14 S. Dak. 632 (86 N. W.

Repr. 645); Embrey v. Jemison, 131 U. S. 336 (9 Sup. Ct. Repr. 776); Melchert v. Tel. Co., 11 Fed. Repr. 193; Edwards v. Hoeffinghoff, 38 Fed. Repr. 635.

*H. P. Keiser*, for appellee.—In cases of this kind the test is the intention of parties: Taylor & Co.'s Assigned Estate, 192 Pa. 304; Armstrong v. Bickel, 217 Pa. 173; MacDonald v. Gessler, 208 Pa. 177; Young v. Glendinning, 194 Pa. 550; Irwin v. Williar, 110 U. S. 499 (4 Sup. Ct. Repr. 160).

OPINION BY MORRISON, J., February 26, 1909:

The jury evidently found, under the evidence, that on March 15, 1906, the defendant gave the plaintiff an order to sell on the defendant's account thirty shares of a certain stock at a figure named. The plaintiff made the sale in New York and the defendant failed to deliver the stock. The market for this stock advanced and the plaintiff was compelled to have the stock purchased in New York for delivery under the sale at an advanced price, so that there was a net loss to the plaintiff of the sum of $300.

The defendant contended, in the court below, as he does here, that the transaction was not a genuine sale of stock with any intention on the part of either party that it should be delivered; in short, that it was a mere gambling transaction and for that reason he denies any liability to the plaintiff for the $300 alleged to have been lost by him through the transaction. It may be that the defendant understood the transaction to be a bet on whether the stock would decline or advance, but the evidence fails to establish the fact that the plaintiff acted on any such theory. It may be conceded that the jury might have inferred from the evidence that it was a gambling transaction and they might have inferred that the transaction was entirely legitimate so far as the plaintiff was concerned.

In cases of this character the test is the intention of the parties. If the plaintiff sold the stock, on the order of the defendant, in good faith, expecting the stock to be delivered in pursuance of the sale, then the transaction was not a gambling one, even though the defendant so understood it. In Taylor &

Co.'s Assigned Estate, 192 Pa. 304, it is said in the syllabus: "A purchase of stock for speculation, even when done merely on margin, is not necessarily a gambling transaction. If there is in good faith a purchase, then the delivery may be postponed, or made to depend on a future condition, and the stock carried on margin or otherwise, in the meanwhile, without affecting the legality of the operation. It is only where there is not under any circumstances to be a delivery, as part of and completing a purchase, that the transaction is a gambling contract."

In Armstrong v. Bickel, 217 Pa. 173, Mr. Justice BROWN speaking for the Supreme Court said: "When Bickel authorized Bacon & Company to sell the stock short for him, that is, to sell on his account stock which he did not have, and which they would be compelled to borrow for him, his undertaking with them was to reimburse them for any payments they might be compelled to make in the execution of his order, and to repay them for any losses that might result from it: Bibb v. Allen, 149 U. S. 481. On the other hand, the duty of the brokers to the customer was to protect him against any loss that might result from disregard of the express terms of their agency, or of an obligation manifestly implied in it." In that case the court below gave a binding instruction in favor of the plaintiffs for the amount which they lost by endeavoring to protect the defendant in the transaction. The Supreme Court affirmed the court below in entering judgment on the verdict so directed.

In MacDonald v. Gessler, 208 Pa. 177, it is said in the syllabus: "A transaction between a stockbroker and his customer cannot be stamped as a gambling transaction, unless it appears that it was the intention of both parties that the stock was not to be purchased outright, and that there was to be a mere settlement of differences. If the broker shows that it was the intent to purchase the stock and that he was always ready to deliver it when called upon to do so, the mere intention of the purchaser not to pay outright for the stock cannot give the transaction a gambling character." In that case, Mr. Justice THOMPSON for the Supreme Court said: "To hold that when an order for the purchase of stock is given and the pur-

chaser when he gives it intends the transaction to be a gambling one, that the stockbroker is also a party to a transaction of that character, when he had no knowledge of such intention on the part of such purchaser and had none of his own, would be to impute wrongful purpose without reason."

In Young v. Glendinning, 194 Pa. 550, and in Irwin v. Williar, 110 U. S. 499, it was held that the intention to gamble must be shown to be the intention of both parties and not that of one alone.

In the present case, the burden of proving that the transaction was a gambling one rested on the defendant. The plaintiff proved to the satisfaction of the jury, that he received an order from the defendant to sell the stock at a given price; that he did so sell it and notified the defendant; that the stock advanced and the defendant failing to deliver the stock, he, plaintiff, was compelled, on account of his contract of sale, to go into the market and buy the stock at a loss of $300. The verdict was for this sum, with interest. The learned court below carefully, and very fairly, submitted the question to the jury, as to whether the transaction was a gambling one on the part of both parties or a genuine transaction at least on the part of the plaintiff. The jury found in favor of the plaintiff, that he sold and bought the stock as a genuine business transaction and in our opinion the evidence, as a whole, sustains this finding. Such being the case, the learned judge below did not err in submitting the case to the jury and in refusing judgment for the defendant non obstante veredicto, and in entering judgment on the verdict in favor of the plaintiff.

The assignments of error are all dismissed and the judgment is affirmed.