# Conemaugh Brewing Co., Appellant, *v.* Bennett.

*Contracts—Illegal contract—Sale of liquor—Liquor law.*

Courts will not enforce contracts which are contrary to. the policy of the law restraining and regulating the sale of liquor, or which are against public good, or which will encourage violations of the law. In civil actions involving directly the consideration of such agreements, the measure of proof necessary to establish the existence of such illegal act is not the same as it would be in a criminal action; and when, from plaintiff's evidence, a contract is shown to be founded on an illegal transaction, which is known as such and participated in by the plaintiff, it is the duty of the court to withdraw from the jury any consideration of the contract and direct a compulsory nonsuit.

Where a brewing company sells beer to an unlicensed dealer in an unlicensed community in another county and consigns the beer not to the purchaser, but as a cover, to various persons designated by the latter, and the brewing company and its agents have full knowledge of the illegal use of the beer sold, and of the activity of the officers of the law in trying to suppress the purchaser's illegal business, the company is particeps criminis and cannot recover the price of the beer sold.

Argued April 20, 1915.  Appeal, No. 134, April T., 1915, by plaintiff, from order of C. P. Westmoreland Co., May T., 1913, No. 756, refusing to take off nonsuit in case of Conemaugh Brewing Company v. Everett Bennett.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for beer sold and delivered.  Before MC-CONNELL, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John E. Kunkle,* with him *Dan. L. Parsons, Harry E. Cope* and *Christ C. Walthour,* for appellant.—The plaintiff is a corporation, organized for the purpose of manufacturing and selling beer and we contend that there is nothing in the testimony to show that the plaintiff did more than it had a right to do, to wit, dispose of its product: Horan v. Weiler, 41 Pa. 470; Clohessy v. Roedelheim, Etc., Co., 99 Pa. 56; Waugh v. Beck, 114 Pa. 422.

We contend that the disposition of the beer in Westmoreland County has nothing whatever to do with the transaction and it is no part of the plaintiff's case to prove what disposition was made of the beer in Westmoreland County: Johnson v. Hulings, 103 Pa. 498; Vandegrift v. Vandegrift, 226 Pa. 254.

*Charles C. Crowell,* with him *H. H. Whitehead,* for appellee.—If the contract depends upon an unlawful transaction there can be no recovery: Johnson v. Hulings, 103 Pa. 498; Freedley v. Jacoby, 220 Pa. 609; Fareira v. Gabell, 89 Pa. 89; Swing v. Munson, 191 Pa. 582; Weed v. Cuming, 12 Pa. Superior Ct. 412; Vandegrift v. Vandegrift, 226 Pa. 254.

OPINION BY KEPHART, J., July 21, 1915:

Courts will not enforce contracts which are contrary to the policy of the law restraining and regulating the sale of liquor, or which are against public good, or which will encourage violations of the law. In civil actions involving directly the consideration of such agreements, the measure of proof necessary to establish the existence of such illegal act is not the same as it would be in a criminal action; and when, from the plaintiff's evidence, a contract is shown to be founded on an illegal transaction, which is known as such and participated in by the plaintiff, it is the duty of the court to withdraw from the jury any consideration of the contract and direct a compulsory nonsuit: Weed v. Cuming, 12

Pa. Superior Ct. 412; Vandegrift v. Vandegrift, 226 Pa. 254.

Appellant, holding a brewer's license for Cambria County, brings this action to recover for liquor sold to the defendant, an unlicensed dealer in an unlicensed community, he being a resident of Bolivar, Westmoreland County. The defendant illegally sold these liquors at that place. During the progress of this business, he told appellant's secretary that he was having trouble with the officers of the law in Westmoreland County, as to his manner of disposing of the beer sent to him, and requested that it be consigned to persons whose names he would furnish. A list of names was given appellant, and when an order for beer was received, appellant would start down the list, select certain names therefrom, and make shipment in these names, being careful not to ship too many packages to any one man, as "it would not do to have 50 or 150 or 200 packages sent to one man, because it would be readily understood that no one man would be using that amount of beer."

The mere knowledge by the vendor that the vendee intended to use the goods sold contrary to law, will not of itself be sufficient to invalidate the contract. But where the vendor, with knowledge of the vendee's illegal use of the goods sold, and with knowledge of the activity of the officers of the law in suppressing that illegal use, participates in the efforts of the vendee to evade the officers of the law, by making shipments in such manner as to make it difficult to discover the illegal acts, thereby promoting and advancing these illegal acts, the vendor, or his representative, by such participation, aid and assistance, becomes a particeps criminis and cannot recover the price of the liquor sold.

There are a number of decisions with reference to the general principle that where an illegal contract or transaction is the foundation of a case, no recovery can be had for moneys advanced in connection with the contract or moneys due as profits derived from the contract; as

money loaned in purchasing commodities on a margin in furtherance of a gambling transaction: Waugh v. Beck, 114 Pa. 422; or money advanced by a broker to pay losses incurred in stock gambling operations conducted by him: Fareira v. Gabell, 89 Pa. 89; where one person agrees with another to speculate in stocks on margins and advances money therefor, he cannot recover from his partner for his share of any loss: Freedley v. Jacoby, 220 Pa. 609, and many other cases.

When the vendor selected the names from the list, regardless of who ordered the beer, made out the bills of lading and shipped the beer in those names to the defendant, knowing that he was openly violating the law, it thereby aided Barnnett in the commission of an illegal act and made its officers and agents thus acting particeps criminis. When the plaintiff, to establish its case, offered in evidence the bills of lading in the names of parties other than the defendant, it became pertinent to inquire why the shipments were thus made. This inquiry developed all the facts and circumstances which were a part of the continuous transaction. Its claim was therefore made to rest on an illegal foundation. It would have been a travesty on the integrity of the law for the court to have submitted the case to the jury when this evidence was developed in the plaintiff's case. That the vendor did not receive or was not to receive any of the money due from the purchasers to the defendant, does not lessen its criminal liability in furnishing the assistance whereby the defendant was enabled to violate the law.

Clohessy v. Roedelheim, Bing & Co., 99 Pa. 56, relied on by the plaintiff, is not a parallel case. The facts are very much different. In that case the offense complained of was the sale in unlicensed territory. If the sale was completed in a lawful place, that the liquor was to be shipped into an unlicensed community would not constitute an offense. The manner of its shipment would be immaterial, unless (which was not present in that case)

the plaintiff knew that an unlawful use was to be made of the goods and in furtherance of that unlawful use the plaintiff actively aided the purchaser.

Plaintiff having denied in its pleadings that the defendant was its agent, is not entitled to the benefit of the rule laid down in Hertzler v. Geigley, 196 Pa. 419.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.