## Potamkin v. Wells Fargo & Co., Appellant.

*Common carriers—Shipment of fish—Game laws—Conflict of laws—Interstate commerce—Illegal contract.*

Where the statutes of another state makes it illegal for any person who has not a license to ship any fish caught in the waters of the state, and also makes it illegal for any carrier to receive from such person a shipment of fish, an unlicensed person may, notwithstanding the statute, recover the value of fish which he has delivered to a carrier, and which had been lost through the carrier's neglect. In such a case although the shipment is contrary to law, the shipper does not require the aid of the illegal transaction to make out his case, and he may recover.

Argued Dec. 3, 1915. Appeal, No. 228, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 1236, on verdict for plaintiff in case of Harry Potamkin v. Wells Fargo & Company. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit against a carrier to recover for the loss of a shipment of live German carp. Before DOUGHERTY, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,253.86. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*W. B. Linn*, with him *H. B. Gill*, for appellant.—The legality of this contract is determined by the law of Illi-

nois: Scudder v. Union Nat. Bank, 91 U. S. 406; Wharton v. Philadelphia & Reading, Etc., Rys. Co., 228 Pa. 180; Franklin Trust Co. v. P., B. & W. R. R. Co., 222 Pa. 96; Forepaugh v. Del., Etc., Railroad Company, 128 Pa. 217; Fairchild v. Philadelphia, Etc., Railroad Co., 148 Pa. 527; Braunn v. Keally, 146 Pa. 519; Rumsey v. New York & Pa. R. R. Co., 203 Pa. 579; Hughes v. Penn., Etc., Railroad Company, 202 Pa. 222; Healy v. Building Association, 17 Pa. Superior Ct. 385; Brooke v. N. Y., L. E. & W. R. R. Co., 108 Pa. 529; Graves v. Johnson, 156 Mass. 211.

According to the law of Illinois the contract could not be made and was unlawful and void from its inception, so that plaintiff will be deprived of the aid of this or any other court in recovering anything under the alleged contract. The law leaves plaintiff where it finds him: Pearsol v. Chapin, 44 Pa. 1; Knight v. Press Co., 227 Pa. 185; Johnson v. Heulings, 103 Pa. 498; Luce v. Cooke, 227 Pa. 224; Swing v. Munson, 191 Pa. 582; Vandegrift v. Vandegrift, 226 Pa. 254; Martachowski v. Orawitz, 14 Pa. Superior Ct. 175; Fowler v. Scully, 72 Pa. 456.

The Illinois statute is valid: Manchester v. Mass., 139 U. S. 240; Geer v. Connecticut, 161 U. S. 519; New York, ex rel., Silz v. Hesterberg, 211 U. S. 31; American Express Co. v. People of Illinois, 133 Ill. 649; People v. Booth Fisheries Co., 253 Ill. 423.

*Henry Arronson*, with him *Abraham Berkowitz*, for appellee.—The gravamen of this action is the breach of duty imposed by law upon the carrier of passengers or freight to carry, so far as human skill and foresight go, the person or freight it undertakes to carry. This duty exists independently of contract: Corry v. Penna. R. R. Co., 194 Pa. 516; Cosgrove v. Pittsburgh, Etc., R. R. Co., 16 Pa. Dist. Rep. 161; Wood v. Erie Ry. Co., 72 N. Y. 196.

A carrier may not, for his own benefit, deny the title

of the shipper or consignee, or avail himself of the title
a third person, although that person be the true owner,
nor may he do so in any case where he has not yielded
to a paramount title in another: Street v. Farmer's Ele-
vator Co., 33 S. D. 601; Plamtag v. Dontrich, 59 Cal.
154; King v. Richards, 6 Wharton 418.

The contract is presumed to be valid: Pritchard v.
Norton, 106 U. S. 124; Walters Nat. Bank v. Bantock,
1915 C. L. R. A.

The law on the place of delivery governed: Pittsburgh,
C., C. & St. L. Ry. Co. v. Sheppard, 56 Ohio 68; Southern
Express Co. v. Bibbs, 46 So. (Ala.) 874.

The law of the place of negligent breach governs va-
lidity of contract: Hughes v. Penna. R. R. Co., 202 Pa.
222; Musser v. Stauffer, 178 Pa. 99; Zalhoot v. Adams
Express Co., 50 Pa. Superior Ct. 238.

The Illinois statute, if it apply, is a burden on inter-
state commerce: United States v. Piet, 30 Vt. 449;
Crutcher v. Kentucky, 141 U. S. 47; Kansas City, Etc.,
Ry. Co. v. Carl, 227 U. S. 639; Adams Express Co. v.
New York, 232 U. S. 14.

The Illinois statute is penal and cannot be enforced in
Pennsylvania: American Fire Ins. Co. v. Hazen, 110
Pa. 530; Wisconsin v. Pelican Ins. Co., 127 U. S. 265.

OPINION BY TREXLER, J., May 9, 1916:

The plaintiff shipped live fish from Meredosia, Illinois,
to Philadelphia. Owing to the neglect of the connecting
carrier, most of the fish died in transit.

The Act of June 7, 1911, State of Illinois, provides in
Section 1, Clause 17, "It shall be unlawful for any per-
son to ship any fish caught in any of the waters under the
jurisdiction of the state.......without procuring a
license." "It shall be unlawful for any railroad, express
company......to receive from any person, any fish
caught in the waters under the jurisdiction of the state
for shipment unless the person so tendering such fish for
shipment has obtained a license authorizing such person

to ship fish in accordance with the provision of this section." Violation of the act is made a misdemeanor punishable with fine and alternative imprisonment.

The plaintiff had no license; he shipped the fish under the name of the Meredosia Fish Co. and claimed that he had obtained the consent of the fish company to the use of its name for the purpose of evading the procuring of a license. The license was not transferable.

Does the act of the defendant in shipping the fish contrary to the laws of Illinois prevent recovery by him from the express company for the negligence of the connecting carrier? In Vandegrift v. Vandegrift, 226 Pa. 254, we find, "The true principle which determines whether a recovery can be had in cases connected with illegal transactions seems to be clearly pointed out in Story on Agency, Sec. 347, note: "The distinction between the cases where a recovery can be had and the cases where a recovery cannot be had, for money connected with illegal transactions, to be gleaned from all the authorities is substantially this: 'That where the party seeking to recover is obliged to make out his case by showing the illegal contract or transaction or through the medium of the illegal contract or transaction, then he is not entitled to recover any advances made by him in connection with the contract or money due him as profits derived from the contract; but when the advances have been upon a new contract, remotely connected with the original illegal contract or transaction and the title or right of the party to recover is not dependent upon that contract, but his case may be proved without reference to it, then he is entitled to recover.' " The duty upon the defendant to safely carry the merchandise does not rest alone on the contract of carriage, but is a liability imposed by law. It exists independently of contract, having its foundation on the policy of the law, and it is upon this legal obligation that the express company is charged for the loss of property entrusted to it. Although the shipment was contrary to law, the plaintiff

does not require the aid of the illegal transaction to make out his case, and he may recover. This seems to be well settled: Evans v. Dravo, 24 Pa. 62; Swan v. Scott, 11 S. & R. 155 (163), with the qualification that there is no universal rule and that each case must be governed in some degree by its own circumstances: Smith Leading Cases, 8th Ed.; Hare v. Wallace, Vol. I, 752; Irvin v. Irvin, 169 Pa. 529. In Conemaugh Brewing Co. v. Bennett, 60 Pa. Superior Ct. 543, and Blandi v. Pellegrini, 60 Pa. Superior Ct. 552, cited by appellant, the illegality affected the whole transaction and the attempt to evade the liquor laws could not obtain the aid of the courts in its accomplishment. The distinction above noted is generally drawn that the illegal transaction must be relied upon in order that its presence will prevent recovery, but where the plaintiff can otherwise make out his case he may recover. In the case at bar, the sole violation of the law consisted in the shipping of the fish without the shipper having a license, and this illegality had no relation to its duty as a common carrier. There was no evil quality following the transaction that made the fish contraband throughout the journey and released the express company of its obligation to carry them safely. As a common carrier in possession of plaintiff's property, its relation to the plaintiff was such that it was charged with due care in regard to the merchandise placed in its care and this duty, as said before, was independent of any contract. Its liability founded on public duty is coextensive with the liability on its contract: Carroll v. Statens, Etc., Ry. Co., 58 N. Y. 126; Chicago, St. Louis, Pitts., Etc., R. R. Co. v. Graham, 3 Ind. App., 28; 29 N. E. Reporter, 170; Louisville, Etc., Railway v. Frawley, 110 Ind. 18; 9 N. E. Reporter, 594; Armstrong v. American Exchange Nat. Bank, 133 U. S. 433.

The assignments of error are overruled. The judgment is affirmed.