## Solomon v. Moyer, Appellant.

*Contract—Illegal contract—Bank cashier—Transaction of business—Single transaction—Act of March 31, 1860, Sec. 64, P. L. 399.*

In an action against a bank cashier to recover damages for the breach of a contract entered into as a single transaction to purchase one thousand gallons of toluol, the defendant cannot set up as a defense the provisions of the Act of March 31, 1860, Sec. 64, P. L. 399, which forbids the cashier of a bank to engage "in any other profession, occupation, or calling, other than that of his duties of cashier."

It was not the purpose of the Act of March 31, 1860, Sec. 64, P. L. 399, to prescribe as law that a cashier engaging in any single transaction would be brought within the terms of the act. It has reference to a general occupation, profession or calling by which one usually gets his living.

Argued Oct. 8, 1918. Appeal, No. 92, Oct. T., 1918, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1916, No. 322, on verdict for plaintiff in case of Harry A. Solomon, trading as Harry A. Solomon & Company, v. Ralph T. Moyer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover damages for breach of a contract to purchase 1,000 gallons of toluol. Before FINLETTER, J.

At the trial defendant presented the following points both of which were refused:

1. Under all the evidence in this case, verdict should be for the defendant. (2)

4, (1918).]      Verdict—Opinion of the Court.

2. If the jury believe that the defendant was cashier of the North Penn Bank and if they believe that the defendant was buying for the purpose of speculating in toluol, then this agreement in suit is void and illegal and verdict should be for defendant.  (3)

Verdict and judgment for plaintiff for $784.  Defendant appealed.

*Errors assigned* were (2, 3) answers to points as above.

*A. E. Hurshman,* for appellant, cited Young v. Robertson, 6 Philadelphia 184; Beetem v. Burkholder, 69 Pa. 249.

*Joseph H. Taulane,* of *White, White & Taulane,* for appellee, cited: North American Life & Accident Ins. Co. v. Burroughs, 69 Pa. 43; Chadwick v. Collins, 26 Pa. 138; Woods v. Heron, 229 Pa. 625.

OPINION BY KEPHART, J., December 12, 1918:

The appellant, a purchaser of toluol, seeks to evade liability because he was at the time of the purchase the cashier of a State bank and as such forbidden under the Act of 1860 to make such purchase.  The affidavit defends on the ground that he acted in a representative capacity, as agent for another who alone was responsible, and the appellee knew this fact.  The court below, therefore, did not commit error in refusing to admit evidence shifting the defense laid in the affidavit.  He was endeavoring by it to claim immunity from liability because of his own moral turpitude.  Admitting for the moment that such evidence had been admitted and that the defendant had sufficiently proven the existence of the bank, its incorporation, and that the defendant was its cashier, the Act of March 31, 1860, Section 64, P. L. 399, provides: "It shall not be lawful for the cashier of any bank to engage in any other profession, occupation or calling ......than that of the duties appertaining to that of cashier," and if he does so engage "in any other profes-

sion, occupation, or calling, other than that of his duties of cashier" he shall be punished as there stated. See Section 10, Article V, of the Act of 1850, P. L. 477. It was not the purpose of this act to prescribe as law that a cashier engaging in any single transaction would be brought within the terms of the act. It has reference to a general occupation, profession or calling. A single purchase or business transaction such as here made, nor an incidental employment in some other capacity by a cashier, would not be within the intendment of the act. The language has a much wider significance. It embraces employment or business by which one usually gets his living. Many cashiers of State banks have other occupations or employment, as treasurers in building and loan associations, beneficial organizations or charitable institutions, where a small compensation is paid. To sustain the appellant's contention, all of these acts are unlawful. Again, the affidavit closes the door to appellant's contention as it specifically states "the defendant is not engaged in the sale of toluol......but on the contrary is employed solely as the cashier of the North Penn Bank."

The alleged violation of the law was not so woven into the contract of sale as to make it an indispensable part of the appellant's case in chief. As stated in Swan v. Scott, 11 S. & R. 155: "The plaintiff below did not claim through the medium of an illegal transaction, but through a final judgment. The test, whether a demand connected with an illegal transaction, is capable of being enforced at law, is, whether the plaintiff requires the aid of the illegal transaction, to establish his case. If a plaintiff cannot open his case, without showing that he has broken the law, a court will not assist him, whatever his claims in justice may be upon the defendant; and if the illegality be malum prohibitum only, the plaintiff may recover, unless it be directly on the forbidden contract." And as further commented on by Judge HEAD in Deposit Nat. Bank v. Beaver Trust Co., 68 Pa. Supe-

rior Ct. 468-474, and by Judge TREXLER in Potamkin v. Wells Fargo & Co., 63 Pa. Superior Ct. 222-225: "That where the party seeking to recover is obliged to make out his case by showing the illegal contract or transaction or through the medium of the illegal contract or transaction, then he is not entitled to recover any advances made by him in connection with the contract or money due him as profits derived from the contract; but when the advances have been upon a new contract, remotely connected with the original illegal contract or transaction and the title or right of the party to recover is not dependent upon that contract, but his case may be proved without reference to it, then he is entitled to recover." There was nothing unlawful in the sale and purchase of this article. Any one might have done so. It is the incidental contract of employment and the provisions of Section 64 of the Act of 1860 that the defendant wishes to bring in to declare this contract of sale void. The plaintiff's case did not depend upon the occupation of the appellant, nor was it in any way concerned with the Act of 1860. As to him, this defense was immaterial. The jury found that the appellant had repudiated his bargain and that the appellee suffered a loss thereby and he was properly held for the damage. The appellant's claim could only be brought into the case as a matter of defense.

The judgment of the court below is affirmed at the cost of the appellant.