## Friel v. Jankoski.

*Contracts—Illegal contracts—Sale of wine—Liquor law—18th Amendment of Constitution of United States.*

1. Where an agreement to sell wine was made after the date of the 18th Amendment and a part of the purchase money was paid on account, but no part of the wine was delivered, a suit cannot be maintained by the purchaser to recover the part of the purchase money which he paid on account.

2. Where it appears, whether in the pleadings or at the trial in plaintiff's case or on cross-examination, that the claim is based on an illegal contract, it is the duty of the court to direct judgment for defendant.

Petition for leave to appeal. C. P. Allegheny Co., April T., 1924, No. 563.

Before Shafer, P. J., Macfarlane and Reid, JJ.

*J. Frank Peffer* and *Thomas B. Hepler,* for plaintiff.

*Emerson Hazlett,* for defendant.

REID, J.—This is a petition by plaintiff for an appeal from a judgment of the County Court.

This case came into the County Court on an appeal by defendant from the judgment of a justice of the peace, whose transcript shows a demand for $200, as to which plaintiff testified that "in latter part of October, 1919, he gave defendant $200 as a deposit on four barrels of wine and no time set for removal of the wine." On appeal from such a judgment, the case proceeds *de novo*, but the cause of action remains the same. The plaintiff first filed in the County Court a statement of claim simply averring that "on or about 1st October, 1919, . . . the defendant received from the said plaintiff the sum of two hundred dollars to and for the use of said plaintiff. That on or about the 1st day of January, 1920, and before the commencement of this action, the plaintiff demanded payment thereof from the defendant. That defendant has paid no part of the same and still refuses to make payment, without any right to withhold the same."

Following this, defendant's counsel took a rule upon the plaintiff to file a more specific statement, calling upon him to specify the purpose for which the

$200 was paid, the facts and circumstances surrounding same, and whether the sum paid was a loan or for goods purchased, and, if the latter, the character of the goods.

This rule came on for hearing in the County Court, and on July 11, 1923, that court, in an opinion per Duff, J., directed plaintiff to file a more specific statement. In consequence of such order, plaintiff filed an amended statement Aug. 23, 1923, the second paragraph of which is as follows:

· "That on or about the ——— day of October, 1919, . . . the plaintiff and defendant entered into a verbal agreement, whereby plaintiff agreed to purchase from the defendant, and the said defendant agreed to sell to the said plaintiff, five barrels of wine for the sum of $1500. That in pursuance thereof, plaintiff paid the defendant the sum of $200 on account thereof, the balance to be paid on the delivery of said wine."

The third paragraph avers a rescinding of the contract and a demand upon defendant to return the sum paid.

The fourth paragraph avers the non-payment by defendant of the $200, a refusal to return the amount, and the right in plaintiff to recover the sum in question with interest.

To this amended statement defendant filed an affidavit of defence, Oct. 9, 1923, in which he averred the contract set forth in the second paragraph of that statement "is illegal, being contrary to the several Acts of Congress of the United States and the State of Pennsylvania and to the 18th Amendment to the Constitution of the United States, which acts expressly prohibit the manufacture, sale, possession, purchase and transportation of liquor, etc.," and, therefore, asked that the action be dismissed.

On Nov. 21, 1923, after hearing, Kennedy, P. J., of the County Court, in an opinion which fully considered and discussed the rights of plaintiff, the illegality of the contract averred, the status of the plaintiff as a *particeps criminis*, entered judgment for the defendant. Plaintiff's counsel thereupon moved to open the judment so directed, which, on Jan. 18, 1924, was refused in an opinion by Judge Kennedy, reaffirming the previous decision of the County Court. *(Vide* 72 Pitts. L. J. 73.)

We have given careful consideration to the oral argument and written brief of the counsel for plaintiff, in which we are urged to reverse the conclusions of the County Court.. It is conceded that the contract is illegal, but contended that plaintiff repented of his participation in the unlawful transaction, rescinded the contract which had not been executed by the delivery of the wine, that he was not to be considered as a *particeps criminis*, and, therefore, should be permitted to recover.

We cannot agree with this position, and are satisfied that the opinions filed by Judge Kennedy fully justify the position taken by the County Court.

If it were possible for the plaintiff to recover without averring and fully disclosing the illegality of the contract, either in his pleadings or his proof, it is conceivable that he might be in a position to assert a right to recover his money. But the pleadings put the fact that he was a direct participant in the unlawful contract squarely before us. He himself avers the making of an admittedly illegal contract which was the basis of his payment, and the illegality of which must be the basis of his right to recover; otherwise, he could not have rescinded.

In Holt v. Green, 73 Pa. 198, Mercur, J., in the opinion of the court (pages 200-201), says: ". . . Nor is there any distinction in this State whether a contract is *malum prohibitum* or *malum in se*. The test whether a demand connected with an illegal transaction is capable of being enforced in law is

Friel *v.* Jankowski.

whether the plaintiff requires the aid of the illegal transaction to establish his case. . . . If plaintiff cannot open his case without showing that he has broken the law, a court will not assist him. . . . The principle of public policy is that no court will lend its aid to a party who grounds his action upon an immoral or illegal act."

It is not the mere pleading, or statement of claim, which is looked at to determine the question of whether or not plaintiff can recover on such a transaction. If the plaintiff's proof, upon trial, presents an illegal contract as entering into or forming a basis for his claim, it is the duty of the court to withdraw the case from the jury: Conemaugh Brewing Co. *v.* Bennett, 60 Pa. Superior Ct. 543.

This is the rule wherever it appears on the trial, whether in plaintiff's case in chief or upon cross-examination, that plaintiff's claim rests on an illegal foundation: Blandi *v.* Pellegrini, 60 Pa. Superior Ct. 552 (opinion of Kephart, J., at pages 556-557, citing Johnson *v.* Hulings, 103 Pa. 498).

Even had plaintiff not been required to file the amended statement and had gone to trial on the original (which did not aver the illegal contract), his proof must have presented the history of the circumstances under which he paid the $200, or, had he by some means avoided that necessity, cross-examination would have developed the illegal contract, and the same result—judgment for the defendant—must have followed as that reached by the County Court on the pleadings before it. The appeal must be refused.

From Edwin L. Mattern, Pittsburgh, Pa.