## Atkinson *v.* Sapovits, Appellant.

*Contracts—Contracts for the sale of goods—Illegal contracts—Affidavit of defense setting up illegality—Sufficiency.*

In an action to recover the price of an assortment of jewelry, an affidavit of defense is sufficient, which avers that the assortment consisted of a punch board and articles of jewelry; that the articles of jewelry were attached to the punch board, and were to be awarded as prizes to persons, who punched a hole in the board, from which would appear numbers, corresponding to numbers attached to the articles; and that the punch board was a gambling device within the meaning of the law of Pennsylvania.

Fair intendment should be given an affidavit which sets up the defense that the plaintiff's claim, or part of it, is based on a violation of statute.

Courts will not lend their aid to the enforcement of a contract, which has for its purpose a violation of the law.

Argued November 17, 1925.  Appeal No. 254, October T., 1925, by defendant, from judgment of C. P. Delaware County, September T., 1924, No. 1379, in the case of James Atkinson, trading as Atkinson Novelty Company, v. Samuel Sapovits.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for jewelry sold and delivered.  Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The rule was made absolute.  Defendant appealed.

*Error assigned* was the order of the court.

*John E. McDonough,* for appellant.

*Howard Lewis Fussell,* and with him *John M. Broomall,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff, the Atkinson Novelty Company, brought suit to recover $90.00, the price of an assortment of jewelry, No. 279, consisting of watches, charms, etc. The affidavit of defense sets forth, "Said assortment No. 279 consisted of a device known as a punch board and articles of jewelry. Said articles of jewelry were attached to the said punch board and were to be awarded as prizes when any customer of the defendant punched a hole in the board, from which would be a number corresponding with the number attached to the various articles. The said punch board being a gambling device within the meaning of the law of Pennsylvania in that the customer had no way of telling in advance of punching the number, what number would be involved." We think the affidavit was sufficient. It distinctly avers that the punch board with the jewelry attached was a gambling device. Presumably the seller knew this when he sent it to the defendant, and therefore, he was a party in his design to set up a gambling device, and came within the provisions of the Act of March 31st, 1860, P. L. 397. The affidavit did not require the particularity of an indictment. It is sufficient if it fairly gives the nature of the defence. "Fair intendment should be given an affidavit which sets up the defence that the plaintiff's claim or part of it is based on a violation of statute." Digestive Ferments Company v. American Chemical Lab., 80 Pa. Superior Ct. 373. The charge in the statement was a lump sum. Therefore, while it might have been a legitimate transaction to sell the jewelry to this defendant, apart from the board, as we are compelled for present purposes to regard the defendant's affidavit as true, we can not separate the two, for the punch board and the prizes thereto were in common covered by the same charge and together constitute one scheme. The numbers to be punched by the cus-

tomer, and the articles corresponding thereto, were all set up ready for use. It is familiar law that the courts will not lend their aid to the enforcement of a contract, which has for its purpose a violation of the law. Potamkin v. Wells Fargo & Co., 63 Pa. Superior Ct. 222, and cases there cited. It was only necessary in this case to aver plainly the facts that showed that the article sold came within the prohibition of the statute and that the plaintiff participated in the scheme.

The judgment of the lower court is reversed.