## Joffe v. Miller.

*Contracts—Illegality of contract—Gambling transaction—Suit on check given in payment of loan to enable and induce defendant to gamble with plaintiff.*

1. Wagering contracts in Pennsylvania are illegal and void.

2. The general rule is that one cannot set up his own turpitude as a defense to breach of contract, but whenever the consideration for a contract is illegal to the extent that it not only affects the integrity and good faith of the parties involved, but also the public generally, as being against public policy, public morals or against positive statutory enactment, such illegality may be interposed as a defense.

3. Where one made a loan to another knowing that the borrower intended to use the money so procured in gambling, such knowledge alone will not vitiate the transaction; but where the money is advanced under such circumstances as to indicate that the lender intended that the money loaned should be used in gambling, such loan is an illegal transaction and the fact may be offered as a defense upon suit to recover on such loan.

4. Defendant in an action, between original parties, upon a check given in payment of a loan made to enable him to engage and continue in a gambling transaction with plaintiff himself, was permitted to interpose as a defense such illegal consideration.

Motions for new trial and for judgment n. o. v. C. P. Washington Co., Aug. T., 1926, No. 322.

Before Brownson, P. J., and Cummins, J.

*D. M. McCloskey*, for plaintiff; *D. M. Anderson*, for defendant.

CUMMINS, J., May 9, 1927.—Plaintiff's action was in *assumpsit* to recover on defendant's check in the sum of $1500. The verdict of the jury having been for defendant, the case is now before the court *in banc* on plaintiff's motions for judgment n. o. v. and for a new trial.

Joffe v. Miller.

In considering these motions, we must, of course, adopt as the facts such as could have been reasonably found from all the testimony and inferences favorable to plaintiff (Donovan v. Transit Co., 273 Pa. 152); but in this case the material facts are substantially uncontroverted.

The plaintiff, Milton Joffe, either alone or jointly with others, set up and operated a gambling-room at Monessen, Westmoreland County, Pennsylvania. The gambling consisted of a game of dice in which Joffe acted as banker, betting with all who participated therein. Miller, the defendant, was invited to and joined in the game; and, after having lost all his money, Joffe, the banker, loaned him, from time to time during the progress of the game, various amounts in order to enable and induce him to remain in the game, until Miller was indebted to Joffe, the banker, in the aggregate sum of $1200. Joffe then demanded of Miller a check before advancing him any more money, whereupon Miller gave Joffe his check for $1500, payable "to the order of cash," and Joffe then advanced Miller an additional $300, thereby aiding, abetting and inducing Miller to continue in said game with him. Miller then remained in the game until the place was, later in the evening, raided by an officer, he, Miller, having in the meantime lost to Joffe $150 of the last $300 advanced him. When this check was presented by Joffe at the bank, payment was refused, payment thereon having been stopped by Miller. The check in question being payable "to cash," is probably a negotiable instrument, to be treated as if payable "to bearer" (Selover on Negotiable Instruments (2nd ed.), 80; Negotiable Instruments Act of May 16, 1901, par. 4, § 9, art. I, P. L. 194, 196), but this action, being between original parties, the fact of negotiability becomes immaterial: Norton on Bills and Notes (3rd ed.), 193, 194; 1 Daniel on Negotiable Instruments (6th ed.), § 175, page 230.

Upon trial, plaintiff proved the execution and delivery of the check in question and defendant's refusal to pay, and rested. Defendant offered, and was permitted, under objection, to show that the consideration for the check was, plaintiff's loans made to enable and induce him, the defendant, to engage and continue in a gambling contest with plaintiff. If this testimony were improperly admitted, then plaintiff is entitled to judgment n. o. v., for without this evidence, plaintiff would have been entitled to binding instructions: Duffy v. Water and Power Co., 233 Pa. 107.

Plaintiff's objection to this testimony was that defendant should not have been permitted to interpose as a defense his own turpitude, his own illegal transaction with plaintiff. The principle relied upon is clearly enunciated in the leading case of Evans v. Dravo, 24 Pa. 62, 65, where Justice Woodward says: "He who hath committed iniquity shall not have equity; that as he made his bed so shall he lie; that [he] who seeks equity must do equity; and that no man shall be received to allege his own turpitude. The maxim of the common law is to the same effect, ex dolo malo non oritur actio. And no man, said Lord Mansfield (1 W. Black. 364), shall set up his own iniquity as a defense any more than as a cause of action." But in this same opinion (page 67), Justice Woodward adds: "I do not say [that this] rule is applicable to contracts forbidden by statute or which are contra bonos mores. They stand on their own ground, which it is not necessary now to examine." So, in the later case of Kilborn v. Field, 78 Pa. 194, 196, a suit to recover on a note, the defendant was permitted to show that the consideration for the note was an agreement effecting collusion in a divorce action, which agreement affected not only the parties to the transaction, but was void as against public policy, and, the contract being still executory, was provable as a defense. It has since been established by a long unbroken line of decisions that whenever the

Joffe v. Miller.

consideration for a written contract, e. g., note or check (if the action is between original parties), is illegal to the extent that it not only affects the integrity and good faith of the parties involved, but also the public generally, as being against public policy, public morals or against positive statutory enactment, such illegality may be interposed as a defense in any action brought to recover on the unexecuted promise to pay contained in such written instrument. The following are some of the cases in point: Irvin v. Irvin, 169 Pa. 529, 544; Bredin's Appeal, 92 Pa. 241, 245, 247; Murray v. McDonald, 236 Pa. 26, 29, 30; Mathiot's Estate, 243 Pa. 375; Kuhn v. Buhl, 251 Pa. 348; Miller v. Miller, 284 Pa. 414, 418. In fact, it has been even held that, where only a "part of a consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal:" Parsons on Contracts (5th ed.), 457; Tamaqua, &c., Ry. Co. v. Street Ry. Co., 167 Pa. 91, page 94; Filson's Trustees v. Himes, 5 Pa. 452; Bredin's Appeal, 92 Pa. 241; Clippinger v. Hepbaugh, 5 W. & S. 315; but in this case the entire consideration was advanced for the purpose of aiding and inducing the defendant to engage in the game in question.

Wagering contracts in Pennsylvania are not only illegal, but void: Davis v. Fleshman & Co., 245 Pa. 224. Although one who makes a loan to another and receives his check or note therefor has knowledge of the fact that the borrower intends to use in gambling the money secured, such knowledge alone would not vitiate the transaction; but where, as in this case, the money is advanced under such circumstances as to indicate that the lender intends by the loan contract that the money so loaned shall be used in gambling, and the lender is present, aiding, abetting and inducing the borrower to gamble the money loaned, by himself participating in and operating the game itself, then, in such case, the illegality of such transaction being detrimental to the public generally, the court overlooks the parties, considers the question one of public policy, Kuhn v. Buhl, 251 Pa. 348, 374, and, upon suit on a check so given, will permit the drawer, in an action against him by the payee, to interpose as a defense to the check sued upon the illegality of the consideration for which it was given: Waugh v. Beck, 114 Pa. 422 (a note case); Edgell v. McLaughlin, 6 Wharton, 176 (a check case); Durr v. Barclay, 8 Pa. C. C. Reps. 285 (a check case); Comly v. Hillegass, 94 Pa. 132 (a check case); Unger v. Boas, 13 Pa. 601 (a note case); Harper v. Young, 17 W. N. C. 557 (a note case); Moss v. Jones, 1 W. N. C. 96 (a note case); Fareira v. Gabell, 89 Pa. 89; Freedley v. Jacoby, 220 Pa. 609; Brua's Appeal, 55 Pa. 297; 3 P. & L., col. 4156. And see Northern National Bank v. Arnold, 187 Pa. 356; Snyder v. Bank, 221 Pa. 599. The delivery of a check is not an executed contract; it is "neither a legal nor equitable appropriation of a corresponding amount of the depositor's fund in the bank;" it is "merely an order on the bank to pay from the maker's account; it may be revoked at any time before it is paid or accepted:" Wall v. Franklin Trust Co., 84 Pa. Superior Ct. 392, 394. Clearly plaintiff was not entitled to binding instructions and is not, therefore, now entitled to judgment n. o. v.: Duffy v. Water and Power Co., 233 Pa. 107; Thatcher v. Pierce, 281 Pa. 16, 18; Holzheimer v. Lit Bros., 262 Pa. 150, 152. Upon oral argument, no substantial reason was advanced in support of plaintiff's motion for a new trial. The verdict was not against the weight of the evidence nor against the charge of the court.

Decree.—And now, to wit, May 9, 1927, motions for new trial and judgment n. o. v. refused.                    From Harry D. Hamilton, Washington, Pa.