## Prince & Whitely v. McCutcheon.


*Evans, Bayard & Frick,* for plaintiff; *James Hay Simms,* for defendant.

ALESSANDRONI, J., July 17, 1930.—The statement of claim sets forth that the defendant opened a margin account with the plaintiff company, which is a brokerage firm, and from time to time gave plaintiffs orders to purchase and sell stock for his account. As a result of such transactions and depreciation in the value of the securities held for the defendant the defendant's margin became impaired and upon his failure to produce additional security after notice the plaintiffs sold all the securities which they held for him. As a result, defendant remained indebted to them in the sum of $1064.30, which the plaintiffs seek to recover, together with interest from Jan. 1, 1930.

The affidavit of defense avers that he was induced to open the margin account by one of the plaintiffs' employees on the representation that a profit would be made for him by trading in stocks on the basis of the difference between the buying and selling prices and that the account was opened by the defendant and accepted by the plaintiff for the purpose of having the plaintiff deal in the difference between the buying and selling prices of stocks for the account of the defendant. It further avers that there was no intention of ever transferring stock to the defendant's name and that the plaintiffs accepted the account with this knowledge; that an agreement was entered into between the plaintiffs and the defendant to deal in the difference between the buying and selling prices of stocks for the account of the defendant and to make a profit for the defendant in that difference.

The reasons assigned in support of the rule for judgment really raise but one question, to wit: Is the affidavit of defense legally sufficient in averring that the transactions forming the basis of the plaintiffs' claim were gambling transactions only? We are of the opinion that this question should be answered in the affirmative. The decisions in this state are quite clear in stating that where the transaction is a mere wager on the rise and fall in

prices without any intention of ever making a delivery, it is a gambling transaction, but if there was a purchase in good faith with delivery to depend on some future condition, the mere fact that stock is carried on margin does not color the transaction as being gambling nor invalidate its legality: Peters v. Grim, 149 Pa. 163.

The test was stated by Mr. Justice Mitchell in Taylor's Estate, 192 Pa. 304, as follows: "The test is, did he intend to buy, or only to settle on differences?" The affidavit of defense here avers that there was an agreement between the parties that he was only to settle on differences, and this, under the test stated above, renders the transaction a gambling transaction, and, hence, invalid. Of course, the intention to deal in differences must be conveyed to the broker in order to constitute a defense (Wagner v. Hildebrand, 187 Pa. 136), but the defendant here has averred that the plaintiffs so understood his account and agreed thereto.

In the similar case of Gaw v. Bennett, 153 Pa. 247, the court sustained a verdict for the defendant, saying: "On the contrary, we think the testimony tended to prove that the intention of both parties was merely to wager upon the prospective price of said stocks, settle the difference and pay the gain or loss; in other words, their transactions, throughout, were in fact repeated acts of gambling in the stocks referred to in said accounts, and the jury were warranted by the evidence in so finding." The affidavit of defense sufficiently avers an agreement between the plaintiffs and the defendant to deal in the differences between the purchase and sales price of stock and to settle the account on the basis of those differences. The affidavit of defense, therefore, avers a contract between the plaintiffs and defendant to engage in gambling transactions, and this being the alleged intention of both parties, the plaintiffs are not in law entitled to recover: MacDonald v. Gessler, 208 Pa. 177.

While the affidavit sets up a legal defense to the claim, it is defective in one respect. It fails to set out with precision the identity of the employee of the plaintiff with whom the agreement was made. The plaintiff is entitled to know the person with whom the defendant contracted to gamble.

And now, to wit, July 17, 1930, leave is granted the defendant to file a supplemental affidavit of defense within fifteen days hereof; otherwise rule absolute.