# Columbia Bank and Bridge Co. *against* Haldeman.

A contract made about a matter which is prohibited by statute is void, though the statute itself does not expressly declare that it shall be so.

A bond given to a stake-holder to indemnify him for giving up, to the winner, money deposited as a bet upon an election, is void, and there can be no recovery upon it.

ERROR to the District Court of *Lancaster* county.

Evan Green, administrator of Preston B. Elder, for the use of the Columbia Bank and Bridge Co., against Henry Haldeman.

This action was founded upon a bond of Henry Haldeman and others to Preston B. Elder, cashier of the Columbia Bank and Bridge Co., in the penalty of $4600, with the following condition :—

" The condition of the above obligation is such, that whereas Peter F. Gonter and Reuben Mullison did bet with James Caldwell $2100 on the general election, that is, Gonter and Mullison betting that David R. Porter would get more votes than Joseph Ritner for governor, and James Caldwell betting that he would not; also, Reuben Mullison bet with James Caldwell that Porter would get more majority over Ritner in *Berks* county than Ritner would over Porter in Lancaster county ; also, James Collins bet with Charles Odell $100 on the general election, that is, Collins betting on Porter and Odell on Ritner. And that all the above bets were deposited with the said Preston B. Elder. Now, believing that Messrs Gonter, Mullison and Collins are by agreement justly entitled to all the said money, the said Preston B. Elder giving the same up to them :

Therefore, the said Henry Haldeman, James Given, Reuben Mullison, Robert W. Houston, James Collins and Peter F. Gonter, do by these presents indemnify and save harmless the said Preston B. Elder, his heirs, executors, administrators and assigns, from any

VII. — 30　　　　　U *

[Columbia Bank and Bridge Co. v. Haldeman.]

loss or damage which he might sustain by reason of giving up the bets aforesaid, or any part thereof, without fraud or further delay; then this obligation to be void, otherwise to be and remain in full force and virtue."

After giving the bond in evidence, the plaintiffs proved that after the money had been paid over by them to the winner, James Caldwell had brought suit against them and recovered the whole amount of it from them; and that the present defendant had notice of that suit, and conducted the defence of it.

The defence set up was that the bond was void, because it was a contract made in contravention of the Act of Assembly of the 24th March 1817.

HAYES (President) instructed the jury that the bond was void, and directed them to render a verdict for the defendant.

*Mr Findlay* and *Mr Stephens*, for plaintiffs in error, argued that the contract sued upon was not in violation of the statute; the only question is, was it illegal for the plaintiff to take, or the defendant to give, a bond of indemnity? The plaintiff was not a party to the illegal act of wagering, and the contract sued upon is not a part, but independent of that illegal act. The object of the law was to prevent betting, that there might be no illegitimate influence upon the result of the election; now, neither the plaintiff nor the defendant was interested in the result; their contract grew out of matters entirely subsequent to it, and not dependent at all upon it. Cited 7 *Watts* 294, 343; 3 *Watts* 263; 4 *Burr.* 2049; 3 *Term Rep.* 418; 5 *Eng. Com. Law Rep.* 255; 11 *Wheat.* 250, 270; 11 *Serg. & Rawle* 155; *Strange* 1249.

*Mr Long*, contra. The contract sued upon grows out of, and expressly recites as its consideration, an illegal transaction which cannot itself be enforced; and if the plaintiff can recover here, it may be used as a device in every such case to avoid the operation of the law against wagering on elections. The law must be enforced, not only against the parties to the original transaction, but against all others who seek a legal remedy for a supposed wrong growing out of it. Cited 2 *Kent Com.* 466; 3 *Vez.* 373; 2 *Stark. Ev.* 60; 4 *Yeates* 29; 4 *Wash. C. C.* 297; 1 *Watts & Serg.* 281.

The opinion of the Court was delivered by

HUSTON, J.—As long ago as the time of Lord HALE, it was decided (*Carthew* 252) that every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be void, and only inflicts a penalty on the offender; and this has been fully recognized in the case of *Smith* v. *Mitchell*, (1 *Binn.* 118).

The case of *Pickering* v. *Reynolds*, (4 *Burr.* 2049), has been

[Columbia Bank and Bridge Co. v. Haldeman.]

cited and relied on. Great names have often, in courts as well as out of them, given currency to opinions which will not bear examination. The distinction there taken between acts *mala in se* and *mala prohibita*, when applied to actions in court on contracts, is contrary to the cases above cited, and the settled law of England and this State. 5 *Eng. Com. Law* 255–7.

The case of *Scott* v. *Swan*, (11 *Serg. & Rawle* 155–164), was in some measure affected by the authority of that case; but even the rule there laid down, that a plaintiff cannot recover where, by his own showing, he claims under an illegal contract, will not avail the plaintiff, for the whole nature of the transaction appears on the face of the bond on which he sues; but in *Smith* v. *Mitchell*, and most of the cases cited, the illegality was not given in evidence by the defendants.

A good deal was said about the want of honour and conscience in the defendants, and it would seem without much reason. The defendant and his co-obligors were as much bound to indemnify the bank by paying the money for which this suit is brought, as Caldwell was to pay his bet to them; and they are defending themselves precisely as he recovered, *i. e.*, on the illegality of the transaction.

I have said the rule stated in *Scott* v. *Swan* could not avail the plaintiffs: by showing the bond of the defendants, they show by the condition that the whole arose from a bet on the election of governor of this State. This is in express violation of a positive law, which says: "All wagering or betting on the event of any election held under the constitution or laws of the United States, or the constitution and laws of this Commonwealth, are hereby prohibited; and *all contracts* or promises founded thereon are declared to be utterly null and void." Now, this contract is in terms founded on a bet on the election of governor in this State: and the plaintiff, in order to give effect to such illegal and void bet, put himself in the place of the losing party, and, against his will and express notice, paid the bet for him, taking the bond in suit for indemnity. Whatever sporting or betting men may think or say about refusing to pay bets, the courts are bound by the laws and by decisions; and we feel no disposition to evade them, more especially in bets on elections.

　　　　　　　　　　　　　　　　　Judgment affirmed.