*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

## WOLF & ROTHSCHILDS *v.* MARKS.

The act of assembly of 16th March, 1867, relative to the sale of tobacco and cigars by sample, specimen, or order, &c., and the supplement of the 17th March, 1870, extending its provisions to the sale of vinous and spirituous liquors, which requires non-residents of the county of Schuylkill to take out a license, and pay a greater license tax for the sale of those articles than residents of the said county, is a violation of article 4, section 2d of the constitution of the United States, which provides " *that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several states.*" The case of Ward *v.* The State of Maryland, in principle rules this case.

**Rule to show cause why judgment should not be entered for the defendant, *non obstante veredicto.***

Opinion delivered February 19th, 1872, by

WALKER, J. This rule was entered after verdict of the jury in the above case finding in favor of the plaintiffs for $116.35, being the price of a barrel of gin, with interest, which was sold to the defendant by the plaintiffs on October 15th, 1870.

The plaintiffs were wholesale liquor dealers, residing in the city of Philadelphia, under a license to sell there, but had taken no license out in Schuylkill county.

The liquor in question was sold here, and the delivery was at the Reading Railroad depot, in Philadelphia. The pleas of the defendant were "*non assumpsit,* payment with leave," &c., and also a special plea to plaintiffs' recovery on the ground of not obtaining a license in this county.

These pleas are sufficient to raise the issue, especially as the 7th section of the act of          y, 1854 (P. L. 664), provides that defence to a recovery may be taken without special plea or notice.

The defence, however, set up here, is, that the sale of the liquor in question, under the acts of assembly of 1867 and 1870, is illegal and void, and cannot be enforced in a court of justice.

There can be no doubt that the courts will not enforce contracts founded upon actions that are forbidden by statutory provisions, or to which a penalty is attached, and that a defendant party to an illegal contract may set up its illegality as a defence. Accordingly it was held, that a contract for the purchase and sale of land in Pennsylvania, under the Connecticut title, is unlawful and void, although the act of 11th April, 1795, neither expressly says nor contains any prohibitory clause, but merely inflicts a penalty upon the offender, such a penalty implies a prohibition. Mitchell *v.* Smith, 1 Binney 110.

A contract made about a matter which is prohibited by statute, is void, though the statute itself does not expressly declare that it is so. Columbia B. *v.* Haldemand, 7 W. & S. 233.

A contract is void which is inconsistent with public policy and the integrity of our political institutions. 5 W. & S. 315.

If the sale was contrary to a statutory prohibition, either expressed or to be inferred from the existence of a penalty, the contract could not be enforced. Evans *v.* Hale, 9 Wright 236.

It is upon these authorities, that we are asked to set aside the verdict of the jury and enter judgment for the defendant. And this involves the constitutionality of the law upon which the defendant relies.

The act of 16th March, 1867 (P. L. p. 486), sets forth in the preamble, "that whereas, persons residents in other states, and in other counties of this commonwealth, come into the county of Schuylkill and sell tobacco and cigars by sample, specimen, or order, frequently selling the same at a price lower than the amount of internal revenue tax thereon, and without a license, raising a just inference that the provisions of the revenue laws of both the general and state governments have been evaded, and thereby affecting injuriously dealers resident in this county.

And the 1st section then makes it unlawful for any merchant or traveling agent not residing within the county of Schuylkill, to sell by sample,

specimen, or order, or otherwise, in said county, by wholesale or retail, any tobacco or cigars, without a license from the treasurer of the county.

The 3d section requires the payment of $300 for such license. The 4th section attaches a fine of $100 for every such offence.

The supplement of this act, approved 17th March, 1870, P. L. p. 475, extends its provisions to the sale of vinous and spirituous liquors by any merchant or his traveling agent not residing within the said county of Schuylkill.

This $300 is regarded as a license tax, and it has been so construed by the courts. The power of the state to impose taxes upon all species of property, both real and personal, cannot be disputed.

"It is an attribute of sovereignty." Kirby *v.* Shaw, 7 Harris 260.

"It is without limit, and may be applied to all objects promotive of the general good." Weister *v.* School Directors, 2 P. F. Smith 474.

Taxation is correlative to protection. Pittsburgh R. Co. *v.* The Commonwealth, 16 P. F. Smith 73.

"And equality of contribution is not enjoined." 7 Harris 260.

But the legislature cannot discriminate between residents of this state and residents of another state; it cannot deny to one a privilege or immunity granted to another, without violating article 4th, section 2d of the constitution of the United States, which is the supreme law of the land.

It will be observed that both the acts of 1867 and 1870, distinctly discriminate in favor of persons residing in Schuylkill county, and against those living in another state and county.

Non-residents are required to pay $300 for a license to sell the enumerated articles here, while residents of this county pay according to the class of their appraisement from $7 up to $200. These plaintiffs had already taken out a license in Philadelphia, and it is presumed paid for it there; and this state of facts raises the question as to the constitutionality of these acts of assembly.

This is settled by the supreme court of the United States in the case of Elias Ward *v.* The State of Maryland; the court there after citing numerous authorities, holds "that a license tax of $300 upon non-residents offering for sale, selling, &c., certain goods, either by card, sample, &c., &c., and imposing a penalty of $400 to $600 for such an offence, while the license tax for residents is fixed at $12 to $150, is in violation of the 4th article, 2d section of the constitution of the United States, which provides that the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states."

The court say, "Comprehensive as the power of the states is to levy and collect taxes and excises, it is nevertheless clear in the judgment of

the court, that the power cannot be exercised to any extent in a manner forbidden by the constitution, and inasmuch as the constitution provides. that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states, it follows that the defendant might lawfully sell, or offer, or expose for sale, within the district described in the indictment, any goods which the permanent residents of the state might sell, or offer, or expose for sale in that district, without being subjected to any higher tax or excise than that exacted by law of such permanent residents." State *v.* North et al., 27 Missouri 467 ; Fire Department *v.* Wright, 3 E. D. Smith 478 ; Paul *v.* Virginia 8 Wall. 177.

The law is declared unconstitutional on the ground that it discriminates between residents and non-residents of the several states.

In this case, it is perfectly clear, that if the plaintiffs, Wolf & Rothschilds were citizens of another state, these acts of our legislature would be unconstitutional.

Should, therefore, a citizen of another state be more favored than. one of our own ? The supreme court have answered this when they say : " What is this but to impose a tax on our own citizens which those beyond the state are not to bear." Pennsylvanians are citizens of the same Union, and entitled to its equal protection against such discrimination. Commonwealth *v.* The Phila. & Reading R. R. Co., 12 P. F. Smith 296.

We are, therefore, of the opinion that the legislature cannot grant one class of citizens privileges and immunities which are denied to others. It cannot require one person to pay $300 tax for carrying on a certain occupation, and at the same time permit another individual to do the. same thing for $7. We think these authorities rule this case, and that the acts of assembly referred to are unconstitutional, and, therefore, cannot avail the defendant in this suit

Rule discharged.

*C. Little,* Esq., for plaintiffs ; Messrs. *Graeff & Hendricks,* for defendants.