## Saxton *v.* Morris, Appellant.

*Brokers—Real estate brokers—Broker's license—Interpleader—Commissions.*

Where in a suit against a seller of real estate for commission, the defendant petitions for an interpleader on the ground that a third person was claiming one-half of the commissions and threatening him with a suit if he paid such half to plaintiff, and an interpleader is framed between the plaintiff and the claimant, the plaintiff may show as a complete defense in the interpleader that the claimant had not a real estate broker's license. In such a case the claimant cannot recover on allegations and proof that he had a contract with the plaintiff to divide commissions with him where the pleadings conclusively show that the claimant was demanding the payment of one-half of the commissions from the seller of the real estate under a direct agreement with him.

Argued Oct. 25, 1910. Appeal, No. 80, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., No. 1 of Second T., 1908, Sur No. 983, Third T., 1907, for plaintiff non obstante veredicto in case of R. A. Saxton v. John T. Morris. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for commissions for selling real estate.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for defendant. Subsequently the court entered judgment for plaintiff non obstante veredicto, COHEN, J., filing the opinion of the court.

*Error assigned* was in entering judgment for plaintiff non obstante veredicto.

*James C. Gray*, of *Gray, Thompson & Rose*, for appellant.

*George R. Wallace*, for appellee, cited: McCreery v. Inge, 49 N. Y. App. Div. 133; Hoyt v. Gouge, 125 Iowa, 603; Sachsel v. Farrar, 35 Ill. App. 277.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

R. A. Saxton brought an action against A. L. Richmond to recover $7,000 for services in selling certain real estate of the defendant in the city of Pittsburg. As averred in the statement, the action was brought on a written agreement dated April 20, 1907, by the terms of which Richmond empowered Saxton to sell the real estate within ten days for $340,000 on the terms set forth in a sale agreement signed by Richmond and delivered to Saxton. Saxton was to receive for his services any excess above the sum for which the property was sold not exceeding $7,000, to be paid when a deed was delivered to the purchaser. The statement further avers that within ten days of the date of the contract Saxton produced a purchaser who executed with the defendant an agreement to purchase the real estate in the exact form of the sale agreement, and a deed for the property was delivered to the purchaser on June 29, 1907. Copies of the contract and sale agreement were attached to the statement.

Before a plea was entered, the defendant Richmond presented a petition to the court averring the bringing of the suit and filing of the statement; that John T. Morris had notified the petitioner that he was entitled to $3,500,

the one-half of the commissions, for selling the property and would hold petitioner personally responsible for the same; that petitioner expected to be sued by Morris for all or a part of the $7,000, the identical money for which the suit was brought; that the petitioner had no interest in the money and is liable to be put to expense for defending two actions and is subject to the risk of paying the money twice. The petition prayed the court to order Saxton and Morris to interplead. A rule to show cause was granted, which was subsequently made absolute, Saxton being made the plaintiff and Morris the defendant in the issue.

Saxton filed an answer to the rule in which he denied that Morris had any right or interest in the contract sued on or money payable under its terms, denied that the identical money for which the suit was brought was claimed by Morris, averred that Richmond was under direct contractual obligations to pay the same to him, and denied that the petition set forth any matter sufficient in law to sustain an interpleader.

Morris also filed an answer to the petition and rule admitting that he did claim a part of the commission due "by the said A. L. Richmond, Jr., for the sale of his property," averred that $3,500 of the $7,000, being the identical money for which the suit was brought, was claimed by him; and further averred as follows: "The respondent avers and alleges that he had certain negotiations with A. L. Richmond, Jr., the defendant in this suit, in regard to the sale of his property . . . .; that the said Richmond agreed to pay him a commission for the sale of same, and that R. A. Saxton, the plaintiff in this suit, solicited the respondent, John T. Morris, to secure the right to sell said property; that he, Saxton, had a purchaser and would divide the commission; that he, in company with the said Saxton, called on the said A. L. Richmond, Jr., and made the arrangements for the sale of said property; the said Richmond and the said Saxton understanding that the commission, amounting to $7,000 was to be divided equally between the said Saxton and your respondent."

The interpleader was tried and resulted in a verdict for the defendant, Morris. The court, on motion, entered judgment for the plaintiff, Saxton, notwithstanding the verdict, on the ground "that at the time when negotiations commenced by Saxton on June 12, 1906, concerning the real estate in question nor for a long time thereafter, did he (Morris) have the license of a real estate broker, as required by law." Morris has appealed, and assigns as error the entering of the judgment for the plaintiff non obstante veredicto.

The simple issue raised by the pleadings, as will be observed, was whether John T. Morris had a right to demand and receive of A. L. Richmond the one-half of $7,000, the commissions which Richmond admitted he owed for selling his real estate. On the trial Morris testified that Richmond told him and Saxton that if they could sell the property for a satisfactory price he would pay them two per cent commission for selling it. Richmond corroborated this testimony and testified that he had told them that he would pay them jointly a commission of two per cent for selling the property. In fact, the testimony on the part of Morris throughout the trial of the issue tended to show that the commissions were due from Richmond to Saxton and Morris in equal shares. This testimony sustained Morris's contention as disclosed by the pleadings that he was entitled to receive from Richmond one-half of the commissions for the sale of the property. The effect of the testimony was to show that Morris was dealing directly with Richmond as a real estate broker.

It is conceded by Morris that during the negotiations for the sale of the Richmond real estate he had no license to act as a real estate broker. It is, therefore, apparent that under the pleadings and evidence in the case the learned court below should have peremptorily instructed the jury to return a verdict for Saxton, the plaintiff in the issue. Morris's claim to the commissions, as disclosed by the pleadings and evidence, rested on his right as

a real estate broker to recover against Richmond. His notice to Richmond which resulted in the latter's application for an interpleader was to the effect that the commissions were due him and that he would hold Richmond personally responsible for the same. His answer to the rule to show cause why the interpleader should not be granted reasserted his right to the commissions by reason of his negotiations with Richmond and the latter's agreement to pay him a commission for the sale of the property. The single issue, therefore, being tried under the interpleader proceedings was whether Richmond was indebted to Morris for the one-half of the $7,000, which Richmond admitted he owed as commissions for selling his real estate. It being admitted that Morris was a real estate broker but was not licensed as such at the time the Richmond property was sold and the commissions were earned, the authorities in this state determine the issue against the defendant in the interpleader proceedings.

In his printed argument in this court, Morris concedes that if he were seeking to recover from Richmond it would be a good defense and he could not recover because he was not a licensed real estate broker at the time the property was sold. He, however, attempts here to raise an issue other than the one raised by the pleadings in the court below, and claims that the question for determination in the court below and here is: Did Saxton agree with Morris to pay him half of the commissions for the services rendered to him by Morris in bringing him in touch with Richmond and introducing him to Richmond, who put the sale of his property into his (Saxton's) hands? It is contended that that is the contract which Morris is seeking to enforce against Saxton and not a contract for a commission based on a sale. It is true, as alleged by Morris, that that question was submitted to and found by the jury in his favor. It is manifest, however, that the learned court below, as it subsequently held on the motion for a judgment non obstante veredicto, erred in submitting the question to the jury. It was not

raised by the pleadings and, hence, the evidence offered to support it should have been excluded and the court should not have permitted the jury to consider it. The issue thus raised was entirely foreign to the one raised by the pleadings. If Morris had no claim for commissions against Richmond, he had no right to recover any part of the fund which Richmond admitted to be commissions due from him for the sale of his real estate. The right to the commissions payable by Richmond was the question at issue, Saxton claiming them by virtue of the contract sued on, Morris also necessarily claiming them by virtue of the contract made with Richmond. As said by the vice chancellor in Crawford v. Fisher, 1 Hare, 436, 441: "The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability." It was not a question here whether both Saxton and Morris had claims against Richmond for services for selling the real estate, but whether they both had claims on this identical fund which Richmond, under the pleadings, admitted to be a liability for commissions for selling his real estate on the contract sued on by Saxton. The question whether Saxton agreed to pay Morris half of the commissions which he, Saxton, should receive for services rendered to Richmond for selling the property was entirely outside of the issue framed and tried under the interpleader proceedings. The question itself admits, in effect, the right of Saxton to receive from Richmond the $7,000 commissions. It suggests that Saxton is liable to Morris for one-half the commissions, thereby conceding that there is no liability by Richmond to Morris for any part of the commissions. Conceding that there was a contract between Saxton and Morris by which the former was to pay the latter the one-half of the commissions that Saxton should receive from Richmond, that gave Morris no claim on Richmond for the commissions. Saxton may be liable on that contract in a proper suit brought to enforce it by Morris, but it gives the latter no right to enforce pay-

ment of his claim against Richmond or out of the $7,000 which Richmond admits by the pleadings were due as commissions for the sale of his real estate. It is a contract with which Richmond has no concern and on which neither he nor the fund which he holds as commissions is liable. Morris was, therefore, not entitled to have determined on the trial of the issue whether or not Saxton agreed to pay him the one-half of the commissions due for the sale of the property by Saxton.

It follows from what has been said that the learned court below should have directed a verdict for the plaintiff in the issue formed to determine the right to the $7,000 due from Richmond as commissions for selling his real estate, and therefore committed no error in subsequently entering judgment for the plaintiff.

It is claimed by the appellee that it was error to allow the interpleader on the Richmond petition. That question does not arise on this appeal and, hence, we cannot and do not consider it.

The judgment is affirmed.