## Blandi v. Pellegrini, Appellant.

*Contract—Illegal contract—Sale of liquor—Evidence.*

As a general proposition, knowledge by the vendor of goods sold in another state that the vendee intends to use them in violation of the laws of this State, is not sufficient to invalidate the contract, when sought to be enforced here, unless the vendor does something in aid of the illegal design of the vendee, and if he does, he cannot recover for the price of the goods sold. If it appear from the plaintiff's evidence that the vendor aided in the prosecution of the illegal design, it is the duty of the court to withdraw from the jury any consideration of the contract and direct a compulsory nonsuit.

If a contract is founded on an illegal transaction, and suit is brought for goods sold and delivered, it is immaterial what the defense to the contract may be. The fact that the defendant claims agency will not prevent the court from striking down such contract, and declaring it void as against public policy. It is not necessary for the defendant to specially plead the illegality of the transaction.

In an action to recover for liquor sold and delivered where it appears that the vendor is a nonresident of the State, and the

vendee a resident, and that neither is licensed in Pennsylvania, and the evidence is conflicting as to whether the sale was made in Pennsylvania, or in the state of the vendor's residence, the jury should be instructed, that if they find that the sale was made in Pennsylvania, the contract is an illegal act, and the plaintiff can not recover.

Argued April 27, 1915. Appeal, No. 181, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 2779, on verdict for plaintiff in case of Giacomo Blandi v. Narciso Pellegrini. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for wine sold and delivered. Before HAY-MAKER, J.

At the trial it appeared that plaintiff was a licensed manufacturer and seller of wines in the State of New York, and that the defendant was a resident of Pittsburgh, Pennsylvania. Neither party was licensed to sell liquor in Pennsylvania. Plaintiff in his statement alleged shipment and delivery to defendant of various consignments of wine, setting forth the prices and credits for various payments from time to time. A balance of $1,886.25 was claimed.

The defense as outlined in the affidavit of defense was in substance that defendant was asked by the plaintiff to sell wine for him, agreeing to send it to the Union Storage Company at Pittsburgh where he would store it, and where he would leave orders for delivery to defendant as and when he would obtain customers, the plaintiff to pay freight and storage bills and charge defendant the regular wholesale price for the wine when he would sell it, the defendant to receive and retain for his own use whatever sums he received over and above the purchase-price; that defendant carried on the business from December 17, 1906, to December, 1907, when he was notified that he was violating the law, as neither the plaintiff nor the defendant had a license, and de-

fendant thereupon ceased said business; that he has since learned that the plaintiff had no license for the sale of said wine and therefore cannot recover; that plaintiff's bill of particulars is incorrect in the prices charged and in some of the items; that defendant attaches a correct statement of the accounts showing the correct prices; that plaintiff charges him with a car load of wine, being 70 barrels on December 20, 1907, and two barrels of wine on July 5, 1908, which he never received; that the correct amount and value of wine, including a loan of $100.00 is $3,091.25, and the proper credits due defendant is $4,727.38; that the plaintiff is overpaid $1,636.13, for which he will ask a certificate; and that defendant's payments were by check as appears in his itemized statement of credits, excepting a credit of $304.00 on March 18, 1908, for 22 barrels of wine for which plaintiff gives defendant credit.

Defendant presented the following points:

"It being the uncontradicted evidence that the goods for which this action was brought were shipped by the plaintiff from New York and consigned to himself, care of the Union Storage Company of Pittsburgh for storage, and that the goods were actually stored there, and that by arrangement with the storage company the plaintiff permitted the defendant to get the goods as he needed them from said storage house,—the sale and delivery of the goods, which consisted of wines and liquors, was made in Allegheny County, and the plaintiff, not having a liquor license in Allegheny County, as admitted by him on the stand, cannot recover in this action, and the verdict of the jury should be for the defendant.

Ans.: Refused. (1)

5. "It is for the jury to say where the sale was made in this case. If made in Allegheny County the plaintiff cannot recover under the evidence.

Ans.: Refused. (5)

Verdict and judgment for plaintiff for $1,178.25. Defendant appealed.

552, (1915).]   Assignment of Errors—Opinion of the Court.

*Errors assigned,* among others, were (1, 5) above instructions quoting them.

*Franck C. McGirr,* of *Marron & McGirr,* for appellant.—The sale was illegal and plaintiff cannot recover in this action: Risser's App., 6 Pa. C. C. R. 270; Horan v. Weiler & Ellis, 41 Pa. 470; Johnson v. Hulings, 103 Pa. 498; Clohessy v. Rodelheim, Bing & Co., 99 Pa. 56; Vandegrift v. Vandegrift, 226 Pa. 254; Holt v. Green, 73 Pa. 198; Hertzler v. Geigley, 196 Pa. 419.

*Howard Q. Turner,* with him *F. Canuti,* for appellee.—The evidence of the appellant was not sufficient to make it the duty of the court to charge that it was "for the jury to say where the sale was made in this case. If made in Allegheny County the plaintiff cannot recover under the evidence": Pearlman & Co. v. Sartorius, 162 Pa. 320; Com. v. Fleming, 130 Pa. 138.

OPINION BY KEPHART, J., July 21, 1915:

As a general proposition, knowledge by the vendor of goods sold in another state that the vendee intends to use them in violation of the laws of this State, is not sufficient to invalidate the contract, when sought to be enforced here, unless the vendor does something in aid of the illegal design of the vendee, and if he does, he cannot recover for the price of the goods sold. If it appear from the plaintiff's evidence that the vendor aided in the prosecution of the illegal design, it is the duty of the court to withdraw from the jury any consideration of the contract and direct a compulsory nonsuit.

Two grounds of illegality of contract are urged: that the vendor aided and participated in an unlawful act, and, that the place of sale to the defendant occurred in Allegheny County, the plaintiff having no license to sell liquors in this county.

As to the first proposition, the plaintiff denied all

knowledge of an illegal use and asserted that the goods were marked and shipped, in the manner hereinafter mentioned, at the request and for the convenience of the defendant. The instructions to the storage company do not appear in the evidence and are material as affecting the right of the plaintiff to have his case submitted to the jury.

On the question as to the place of sale, the learned court below seemed to be of the opinion that inasmuch as the defendant contested the claim on other grounds and particularly on the ground of agency, that the question of the legality of the sale should not be inquired into. In this the court was in error. As between vendor and vendee the contract in suit in all its essential elements must be clear of illegal acts when it grounds an action for the recovery of money for goods sold. If the contract is founded on an illegal transaction, and suit is brought for goods sold and delivered, it is immaterial what the defense to the contract may be. The fact that the defendant claims agency will not prevent the court from striking down such contract and declaring it void as against public policy. At the conclusion of the plaintiff's case, with no testimony of agency present, with an illegal transaction as the basis of suit, it is the duty of the court to refuse to become a party to the furtherance of the illegal act. The plaintiff's statement, after a careful analysis, contains no claim on account of agency; the books offered in evidence did not show an account between principal and agent, but that of ordinary debtor and creditor, and the plaintiff denied entirely defendant's agency. The case was not within the rule laid down in Hertzler v. Geigley, 196 Pa. 419. It was not necessary for the defendant to specially plead the illegality of the transaction. "Whenever it appears on the trial of an action of assumpsit (whether in the plaintiff's case in chief, or upon cross-examination, or by way of defense, under the plea of non assumpsit) that the plaintiff's claim rests upon an illegal foundation the

court will not lend its aid to enforce it": Johnson v. Hulings, 103 Pa. 498. The appellee admitted that the goods were shipped to the plaintiff in care of the Union Storage Company. This was done at defendant's request. But it further appears that they were stored on the plaintiff's account and were delivered to the defendant on the plaintiff's order, signed by the defendant, and sometimes delivered to others than the defendant. These facts are material in determining where the sale was actually made, notwithstanding the positive statement of the plaintiff that the goods were sold and delivered in the State of New York. There is sufficient in these admissions to warrant the jury in finding that the sale actually took place in Allegheny County. If the sale took place in Allegheny County, it is an illegal act, as neither the plaintiff nor the defendant was licensed to sell liquors in that county. The jury should have been instructed that if they found the sale to have been made in Allegheny County the contract was void and the plaintiff could not recover. "Where a party seeking to recover is obliged to make out his case by showing an illegal contract or transaction, or through the medium of an illegal contract or transaction, he is not entitled to recover for any advances made by him in connection with the contract, or money due him as profits derived from the contract": Vandegrift v. Vandegrift, 226 Pa. 254. Nor can he recover the price of goods sold on such illegal contract.

The fifth assignment of error is sustained, judgment is reversed and a venire facias de novo awarded.