# Stein and Samson, Trading as The Frankford Gas Fixture Company, *v.* Slomkowski, Appellant.

*Practice—Assumpsit—Affidavit of defense—Evidence—New defense at trial—Acts of June 28, 1917, and May 14, 1915 (Practice Act).*

1. A defendant since the passage of the Practice Act of 1915 is required to set forth in his affidavit of defense not only such matters as are sufficient to prevent judgment but also every matter of defense upon which he intends to rely unless the defect appears in the plaintiff's own case.

2. In an action of assumpsit for goods sold and delivered, where the defendant, at the trial, offered to prove that the plaintiffs, at the time when the goods were sold and the action was brought, were not registered in the prothonotary's office nor with the secretary of the Commonwealth as provided in the Act of June 28, 1917, P. L. 645, the lower court rightfully refused the offer because such defense was not set forth in the defendant's affidavit of defense, as required by the Act of May 14, 1915, P. L. 483.

*Contract—Building contract—Materials ordered by owner—Liability for.*

3. The fact that a general contractor was erecting the defendants building under a contract which waived the filing of mechanics' liens by subcontractors did not prevent the owner from buying fixtures on his own account or making himself liable for fixtures included in the contract if ordered by and sold to him.

Argued October 10, 1919. Appeal, No. 19, Oct. T., 1919, from judgment of C. P. No. 3, Phila. County, December Term, 1917, No. 1149, on verdict for plaintiff in the case of Abraham Stein and Jacob N. Samson, trading as The Frankford Gas Fixture Company, v. Joseph F. Slomkowski. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before DAVIS, J.

The opinion of the Superior Court states the case.

156, (1920).]    Verdict—Opinion of the Court.

Verdict for plaintiffs for $182.91 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of the lower court to allow the defendant to prove that the plaintiffs had not complied with the Act of June 28, 1917, P. L. 645, requiring registration of trade names with prothonotary and secretary of the Commonwealth.

*William A. Davis,* for appellant.—Where a party fails to comply with the law he is not entitled to its aid: Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224; Saxton v. Morris, 229 Pa. 343.

*E. W. Kirby,* of *Morris & Kirby,* for appellees, cited: Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278.

OPINION BY KELLER, J., February 28, 1920:

The plaintiffs sued the defendant in assumpsit to recover the value of certain gas and electric fixtures sold and delivered to the defendant for use in a new building which was being erected for him. The defense pleaded was that the goods had been sold to the contractor for the building and not to the defendant. Three questions are raised by the assignments of error.

(1) The defendant complains that the learned trial judge erred in admitting in evidence the copy of the plaintiffs' book of original entry attached to the statement of claim instead of requiring the production of the book itself in order to make out the plaintiffs' case. Whether in view of the averments and denials contained in the affidavit of defense, considered in connection with the Practice Act of 1915 and Rule of Court 72 of Philadelphia County, it was incumbent on the plaintiffs to produce and offer their book of original entry at the trial need not be here discussed. No exception was taken by

the defendant to the ruling of the court, and the error, if any, was cured by the defendant calling one of the plaintiffs as under cross-examination and proving the sale and delivery of the goods itemized in the account. The first and second assignments of error are overruled.

(2) The fact that a general contractor was erecting the defendant's building under a contract which waived the filing of mechanics' liens by subcontractors, did not prevent the owner from buying fixtures for the building on his own account or making himself liable in assumpsit for fixtures included in the contract if ordered by and sold to him: Van Leuven v. Holmes, 13 Pa. Superior Ct. 77; Krimmel v. Moss Cigar Co., 237 Pa. 253. The charge of the court, in this respect, was as favorable to the defendant as he could rightfully ask. The fourth and fifth assignments are without merit.

(3) The remaining assignments of error relate to the refusal of the court below to allow the defendant to prove that the plaintiffs, at the time the goods in suit were sold, and also when the action was brought, were not registered in the prothonotary's office nor with the secretary of the Commonwealth, as provided in the Act of June 28, 1917, P. L. 645, forbidding, under a heavy penalty, persons from carrying on or conducting business in this Commonwealth under an assumed or fictitious name, style or designation unless they shall have first filed in the office of the secretary of the Commonwealth and of the prothonotary, the certificate required by the act. The offer was rejected on the ground that the proposed defense had not been set forth in the affidavit of defense filed. The action was brought after the Practice Act of 1915 (Act of May 14, 1915, P. L. 483) went into effect, and is, therefore, governed by its provisions. This act effects a radical departure from the pleading and practice in vogue previous to its enactment. Section 16 provides: "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or the plaintiff's reply, as the case may be, except as pro-

vided in sections seven and thirteen" [referring to defenses by executors, etc., and in actions of trespass, respectively]. This is as positive and definite as language can make it. Its purpose is to acquaint the opposing party with the issue which he has to meet so that he can prepare his case accordingly. It is not too much to require of a party to an action at law that he shall set forth in his pleadings every matter of defense upon which he intends to rely. Therefore, it has been held in other jurisdictions where modes of pleading similar to that introduced by our Practice Act of 1915 are in force, that defenses such as that raised in this action must be set forth in the answer if it is desired to assert them on the trial. For example, under the practice in the State of New York, the defense of usury must be raised in the answer: Manning v. Tyler, 21 N. Y. 567; Bank v. Lewis, 75 N. Y. 516; Fay & Wilson v. Grimsteed, 10 Barbour 321; and a violation of the Act of 1833, forbidding the use of fictitious names by partnerships, must likewise be set forth in the answer to be availed of at the trial: Zimmerman v. Erhard, 83 N. Y. 74. The Supreme Court of Colorado has in like manner ruled that the defense that a partnership cannot sue because of its failure to file a list of its members with the county clerk as required by Sess. Laws 1897, p. 248, must be raised by an answer and not by demurrer. "Obedience to the law is always presumed and if the fact was otherwise, it should have been so made to appear in the answer": Smith v. Stubbs, 63 Pac. 955. All of the cases relied upon by the appellant, Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224; Saxton v. Morris, 229 Pa. 343, were decided when different laws relative to pleading and practice were in force in this State and when the plea of the general issue, or non assumpsit, permitted the introduction in evidence of everything which disaffirmed the contract or showed it to be void: Craig v. Missouri, 4 Peters 410. In Johnson v. Hulings, supra, Mr. Justice GORDON discusses the matter fully and after reviewing with approval the de-

cision in Craig v. Missouri, supra, where the defendant state was permitted to show under the plea of the general issue that the consideration for the note in suit was for certain loan office certificates loaned by the State of Missouri, under an unconstitutional statute, said: "In other words, the defendant might raise the question of the validity of the contract as he might raise any other defense," p. 503.   The rule applies with equal effect to the Practice Act now in force.   The defendant may raise the question of the invalidity of the contract by reason of its having been entered into in violation of the provisions of any statute in force at the time, as he may raise any other defense in an action of assumpsit, by setting it forth in his affidavit of defense.   Of course, even under the present act, if in order to make out his own case the plaintiff is required to ground his action on something which is prohibited by the laws of the State or of the United States, he cannot recover: Vandegrift v. Vandegrift, 226 Pa. 254; Blandi v. Pellegrini, 60 Pa. Superior Ct. 552.   That was not the situation here.   The plaintiffs' case had been made out without any reference to the statute of 1917. It was not necessary in order to entitle the plaintiffs to recover that a registration of the partnership should be averred or proved: Johnson v. Hulings, supra, p. 502; Blue Valley Creamery Co. v. Zimmerman, 60 Pa. Superior Ct. 278.   But if the defendant proposed to defend upon the ground that no certificate had been filed as required by the Act of 1917, it was necessary that it, just as any other defense, should be set forth in his affidavit. The reason is not difficult to see.   The plaintiffs had a right, under the statute, to be apprised of the defenses proposed to be set up so that they could make such preparation, or secure such testimony, as they might deem necessary to disprove the matters alleged or show that they were not controlling under the circumstances.   The defendant is now required to set forth in his affidavit of defense not only such matters as are sufficient to prevent judgment: Tilli v. Vandegrift, 18 Pa. Superior Ct. 485;

but also every matter of defense upon which he intends to rely, unless the defect appears as a material element in the plaintiffs' own case. We are, therefore, of opinion that as the defendant had not set up in his affidavit the defense which he proposed in his offer to prove, the court committed no error in refusing the offer.

With this disposition of the case, we are not called upon to decide whether the Act of 1917 may be used by one who buys goods on credit to defeat the payment of an honest debt. It is not improper, however, to note that, in the States of New York and Louisiana, somewhat similar statutes forbidding partnerships trading under fictitious names and declaring a violation of the act a misdemeanor, were held by the courts of last resort of those states to be designed to prevent the obtaining of credit, not the giving of it, and not to constitute a defense to a debtor, who had not been deceived and who had lost nothing by his dealings with his creditor: Gay v. Seibold, 97 N. Y. 472; Wolf v. Youbert, 13 Southern 806.

The assignments of error are all overruled and the judgment is affirmed.