# Brenner v. Pecarsky, Appellant.

*Automobiles—Second-hand automobiles—Sales of—Failure to register—Act of June 30, 1919, P. L. 702—Practice Act of May 14, 1915, P. L. 483, section 16—Illegal contract.*

Courts will not lend their aid in the enforcement of an unlawful contract.

A contract for the sale of a second-hand automobile, which is in violation of the Act of June 30, 1919, P. L. 702, requiring registration, etc., is illegal and will not be enforced.

In an action on such contract the defendant is entitled to judgment non obstante veredicto, notwithstanding the fact that he did not raise the defense of the violation of the Act of 1919 in his affidavit of defense.

Under the Practice Act if, in order to make out his own case, the plaintiff is required to ground his action on something which is prohibited by the laws of the State or the United States, he cannot recover.

Argued October 8, 1925. Appeal No. 87, October T., 1925, by defendant from judgment of C. P. No. 5, Philadelphia County, March T., 1920, No. 6893, in the case of Louis Edward Brenner v. Jacob Pecarsky, trading as the Richmond Supply. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for the purchase price of a motor truck. Before McPHERSON, P. J., 51st Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $744.00 and judgment thereon.

The defendant filed motions for a new trial and for judgment non obstante veredicto, which were overruled by MARTIN, P. J.  Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motions for a new trial and for judgment non obstante veredicto.

*B. D. Oliensis,* for appellant.—The sale of the truck was made in violation of the Act of June 30, 1919, P. L. 702, and there could be no recovery:  Vandegrift v. Vandegrift, 226 Pa. 254; Johnson v. Hulings, 103 Pa. 498; Snaman v. Maginn, 77 Pa. Superior Court 287; Luce v. Cook, 227 Pa. 224; Digestive F. Co. v. Chemical Laboratories, 80 Pa. Superior Court 373; Lamb v. Condon, 276 Pa. 544.

Where the unlawfulness of the sale is developed by plaintiff's own evidence, no recovery will be permitted, even though that fact is not specifically admitted by the affidavit of defense:  Walker v. Mason, 272 Pa. 315; Moyer v. Kennedy, 76 Pa. Superior Court 523; Stein & Samson v. Slomkowski, 74 Pa. Superior Court 156; Josephson & Sons v. Weintraub, 78 Pa. Superior Court 14.

*James R. Wilson,* and with him *Francis V. Godfrey,* for appellee.

OPINION BY GAWTHROP, J., November 13, 1925:

This was an action in assumpsit to recover the balance of the purchase price of a motor truck sold by plaintiff to defendant.  The sole defense raised by the affidavit of defense and supported by defendant's evidence at the trial was that plaintiff had represented that the truck had a capacity of one and one-half tons, while, as a matter of fact, its capacity was only three-

quarters of a ton. At the trial plaintiff admitted, under cross-examination, that the truck was a used motor truck, and that he had not complied with any of the requirements of the Act of June 30, 1919, P. L. 702, relating to the sale of used or second-hand motor vehicles. At the conclusion of the testimony defendant's point for binding instructions was refused and the jury returned a verdict for plaintiff for the amount of his claim. Motions for a new trial and for judgment n. o. v. were overruled and from the judgment entered on the verdict comes this appeal.

The principal contention of appellant is that the contract between the parties is illegal and unenforceable, because it developed upon the cross-examination of plaintiff that the motor truck in question was a second-hand motor vehicle and that plaintiff failed and neglected to comply with the provisions of the Act of June 30, 1919, P. L. 702. The learned judge of the court below indicated in his opinion discharging the motions for judgment n. o. v. and for a new trial that, if this question had been raised by the affidavit of defense, plaintiff probably could not recover. He held, however, that as that defense was not raised by the pleadings or at the trial, it was unavailable to defendant, because Section 16 of the Practice Act of May 14, 1915, P. L. 483, provides that "neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, except as provided in Sections 7 and 13." All that that provision of the statute means is that a party may not, at the trial, make a defense not pleaded by him. It did not affect the rule that a plaintiff who fails to make out a case cannot recover. This Court said in Stein and Samson v. Slomkowski, 74 Pa. Superior Ct. 156, our Brother KELLER speaking: "Of course, even under the present act (the Practice Act of 1915), if in order to make out his own case the plaintiff is required to ground his action on something

which is prohibited by the laws of the State or the United States, he cannot recover: Vandegrift v. Vandegrift, 226 Pa. 254; Blandi v. Pellegrini, 60 Pa. Superior Ct. 552." That was the situation here when plaintiff disclosed by his evidence that he was asking the aid of the court to enforce a contract, the making of which was prohibited by the Act of 1919, P. L. 702. The court should have declared the legal effect of that disclosure.

The main question raised here is whether our courts will lend their aid to the enforcement of a contract made in violation of the Act of 1919, P. L. 702. At the time the statute was enacted, the stealing of motor vehicles in the Commonwealth had become notorious. That is the mischief the legislature designed to prevent by it. A form of procedure was prescribed to be followed in transferring the title to used motor vehicles in the state. Failure to follow it is made a crime. A contract and transfer in violation of the provisions of the act is not innocent but criminal. The act was intended for the general protection of the public, rather than the individual parties to a transaction. The public policy of the state as to the subject was declared. It is clear, therefore, that a contract made in violation of such a statute is unlawful, unenforceable and void, and our courts will not, by enforcing it, declare it lawful. It is argued that defendant has possession of the motor vehicle and that it is inequitable to permit him to escape payment of the balance of the purchase price. This argument would have weight if the only parties concerned were plaintiff and defendant; but, "in enforcing a policy in the interests of the whole public, the law takes but little note of the conduct of the immediate parties to the contract; the rule is, that courts, having in view public interests, will not lend their aid to the enforcement of an unlawful contract." (Swing v. Munson, 191 Pa. 582.) See also Vandegrift v. Vandegrift, 226 Pa. 260. This conclusion is in harmony

with the decision of this court in Snaman v. Maginn, 77 Pa. Superior Ct. 287, in which the single question presented for decision was whether or not a plaintiff could successfully invoke the aid of the courts of Pennsylvania to recover the fruits of a contract, the making of which was expressly forbidden by the Act of June 28, 1917, P. L. 645, known as the Fictitious Name Act. It was there held on the authority of Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233, and Johnson v. Hulings, 103 Pa. 148, and Swing v. Munson, supra, that if the statute prohibited the making of the contract upon which the plaintiff relied and declared that the citizen making such contract should be guilty of a misdemeanor, the contract could not be enforced by the aid of the courts of the state in which the statute was enacted. Columbia Bank and Bridge Co. v. Haldeman, supra, is authority for the proposition that under such circumstances it is not necessary that the statute should provide that the contract shall be void. We find nothing in the opinion in Lamb v. Condon, et al., 276 Pa. 544, which is inconsistent with our decision in Snaman v. Maginn, or our present conclusion. We think it does not control the decision of this case. In that case the question was whether the plaintiff had a right to sue where no certificate was filed as required by the Fictitious Name Act of 1917, P. L. 645, as amended by the Act of May 10, 1921, P. L. 465. In answering that question in the affirmative the court said that the wording of the amendment was significant in the determination of the question before it and that it impliedly recognized the plaintiff's right of action. We think it is very clear that the statute which we have been considering renders the agreement sued upon unenforceable. This conclusion makes it unnecessary to consider the other question raised.

The first and second assignments of error are sustained, and the judgment is reversed and here entered for defendant.