# Bentley *v.* Gilmore, Appellant.

*Brokers—Real estate brokers — Commissions — Contest between two brokers—Interpleader—License.*

1. On an interpleader between two real estate brokers to determine the ownership of commissions paid into court by the principal, where the jury finds by its verdict that the defendant in the interpleader took no part in the transaction, and was not entitled to any money from the owner of the real estate, and that plaintiff in fact procured the sale, plaintiff is entitled to have a judgment on the verdict in his favor sustained.

2. It seems that in such case the defendant has no status to object that plaintiff had no license as a real estate broker when the sale was made.

3. Even if the failure to secure a license is available as a defense to any others than the vendor of the property, it does not affect the question as to whether defendant performed any service in connection with the sale.

*Brokers—Real estate brokers—License—Terms of license—Date —Act of May 7, 1907, P. L. 175.*

4. If a real estate license is applied for during the year the county treasurer has no authority to issue one not immediately effective.

5. The fact that the treasurer names a date in the future, when the license shall become effective, will not defeat the licensee's right to collect commissions on a sale made between the date of the issuance of the license and the effective date named in the body of the license.

Argued November 24, 1925.   Appeal, No. 313, Jan. T., 1925, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1923, No. 6713, on verdict for plaintiff, in case of Harold C. Bentley *v.* W. E. Garrett Gilmore.

Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Interpleader to determine ownership of commissions for sale of real estate paid into court. Before Mc-MICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,205.57. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Herman Muller,* for appellant.—Plaintiff, being a real estate broker and not having a license to act as such, cannot recover the commissions involved: Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224.

A special contract does not absolve the real estate broker from having a license: Luce v. Cook, 227 Pa. 224; Saxton v. Morris, 229 Pa. 343.

*Fred Taylor Pusey,* with him *Paul Van Reed Miller,* and *Alfred R. Haig,* for appellee.—The jury having found that plaintiff was not the employee of the defendant in making the sale, defendant cannot raise the question of plaintiff's standing as a licensed broker, the sellers being willing to pay the commission to plaintiff.

Plaintiff was a duly licensed broker at the time this sale was made.

OPINION BY MR. JUSTICE KEPHART, January 4, 1926:

Gilmore and Bentley, respectively appellant and appellee, instituted separate actions against Shaffner et al., vendors of real estate, to recover a sum of money due as commission on the sale thereof. On petition of the vendors, an issue was framed to determine which of the two plaintiffs was entitled to the commission admitted to be due, the fund having been paid into court by the

owners.  Bentley's claim was in his own right while Gilmore's rested on the allegation that Bentley was his employee and negotiated the sale for him.  The jury by its verdict found Bentley was not in the employ of Gilmore and that the latter did not aid in or have anything to do with the sale, Bentley's work being the exclusive and efficient cause of procuring it.  There was ample evidence to sustain this conclusion.

Gilmore, however, interposed as a legal defense Bentley's failure to take out a real estate broker's license (Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224), which he says puts plaintiff out of court.  The latter having admitted he was a broker, could not, it is urged, make a special contract as to this particular transaction.  In view of the jury's finding, that Gilmore took no part in the transaction and was not entitled to any money from the owners, it is difficult to see what standing he has to raise this contention, even if it was correct.  The contest was between Gilmore and Bentley as to who should receive the money.  This must be answered by deciding the facts above mentioned.  Aside from the question as to whether the failure to secure a license was available as a defense to any other than the vendor of the property, it did not affect Bentley's employment, nor whether Gilmore performed any service in connection with the sale.  Saxton v. Morris, 229 Pa. 343, relied on by appellant, does not aid him, as the evidence shows Bentley had a license.  It was dated a few days prior to the execution of the contract of sale but in the body of the license it was to begin May 1st, being after the sale.  During the negotiations he did not have such license.  The Act of May 7, 1907, P. L. 175, in a sense regulated this class of business.  It required those embarking in the business of buying and selling real estate to take out a license as a measure of protection to the public.  A compliance with the act before any actual sale would be effective for all purposes.  While the license read twelve months from May 1, 1923, the treas-

urer, under the act, had no authority to fix the term of a license to start at a future time other than the beginning of a calendar year. If a license is applied for during the year the treasurer has no authority to issue one not immediately effective. The act did not contemplate issuance of licenses to take effect at future dates within the year, to be determined by the treasurer.

In this connection, it should be noted that under Gilmore's contention Bentley was his agent in this transaction, the vendors had a perfect right to pay Bentley, and if he did not account to Gilmore, his right was against Bentley personally, not against the vendors of the property. The issue then would have been unnecessary. The jury, however, found Bentley was not an employee of Gilmore and the latter had nothing to do with the sale; having submitted these questions in the present action, Gilmore is precluded from again raising them. In Saxton v. Morris, supra, the question this court really decided was that discussed on page 347, the facts of which were in effect similar to those just narrated. The question as to who may raise the defense of failure to have a license was not really before the court, though liberally discussed. It is unnecessary in the present case to decide that question, if it is to be considered an open one.

Judgment affirmed.