# Miles *v.* Zorzi, Appellant.

*Motor vehicles—Second hand sale—Noncompliance with Act of June 30, 1919, P. L. 702—Defense not raised by pleadings—Presumption of legality—Charge of court.*

In an action of assumpsit to recover the purchase price of a second hand motor vehicle, it is not necessary to plaintiff's recovery that he should aver or prove compliance with the Act of June 30, 1919, P. L. 702, requiring the delivery of a description of the vehicle at or before the sale, where no such defense is set up by defendant in his affidavit.

It is not necessary to prove compliance with the statute until noncompliance is raised by the defendant, there being no presumption that plaintiff violated the law.

Where in such an action defendant testified, without objection by plaintiff, that the latter did not comply with the Act of 1919, the question, whether plaintiff complied with the Act, should have been submitted to the jury with instructions that a failure to do so would bar a recovery.

Argued March 1, 1926.    Appeal No. 9, February T., 1926, by defendant, from judgment of C. P. Luzerne County, January T., 1924, No. 65, in the case of Charles S. Miles v. John Zorzi. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover the purchase price of a used motor vehicle. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $456 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment n. o. v.

*James M. Stack,* for appellant.

*George J. Llewellyn,* for appellee.

OPINION BY GAWTHROP, J., April 19, 1926:

Assumpsit for the purchase price of a motor-truck which plaintiff alleged he sold and delivered to defendant. The only defense raised by the affidavit of defense was that plaintiff asked defendant to try to secure a purchaser for the truck and that defendant took possession of it for that purpose but did not agree to buy it. The verdict of the jury in favor of plaintiff established the fact that the transaction was a sale and not a bailment. Although plaintiff's evidence disclosed that the truck was a used motor vehicle, he neither averred nor offered evidence tending to prove that he delivered to defendant any description of the truck or any written statement, as required by section two of the Act of June 30, 1919, P. L. 702, relating to the sale of second hand motor vehicles, which makes it a crime for any person to sell or pass title to any used motor vehicle, unless he shall, at or before such sale, or passage of title, deliver to the vendee a full description of said vehicle in duplicate, etc. Defendant contended in the court below that the contract of sale asserted by plaintiff is unenforceable, illegal and void because plaintiff failed to comply with the above mentioned requirements of the statute. He presented a point for binding instructions, based on that contention. The refusal of that point and the overruling of his motion for judgment n. o. v. are assigned for error in this appeal, and the same proposition is urged before us.

The question whether a vendor of a used motor vehicle, who has failed to deliver to the vendee, at or before the sale, the description and statement prescribed by section two of the Act of 1919, supra, can have the aid of the courts to recover the fruits of his contract, was before us in Brenner v. Pecarsky, 86 Pa. Superior Ct., 414, not yet reported. That, like this, was a suit by a vendor for the selling price of a used motor vehicle. But there it appeared on cross-exami-

nation of plaintiff that he had failed to deliver to the vendee the written statement and description required by the statute. We held that this revelation of the illegal character of the transaction was a bar to a recovery. In this case plaintiff's evidence did not reveal the fact that he had not complied with the statute. It was not necessary to plaintiff's recovery that he should aver or prove that he had complied with it. That fact is presumed. There is no presumption that he violated the law. Therefore, there is no merit in the contention that plaintiff's case is based upon a violation of the statute and that he is invoking the aid of the courts to recover the fruits of an illegal contract. We are of opinion that the motion for judgment non obstante veredicto was properly denied.

We note, however, that although the affidavit of defense did not set up the defense that plaintiff did not deliver to defendant, at or before the sale, the written description and statement required by the Act of 1919, defendant testified, without objection by plaintiff, that the latter did not do so. If this is the fact the sale was illegal, unenforceable and void: Brenner v. Pecarsky, supra. With that evidence before it, the court below should have submitted to the jury the question whether plaintiff complied with the above mentioned requirements of the statute and should have charged that a failure to do so was a bar to recovery by plaintiff. We think that justice requires that the defendant shall have the opportunity to have that question submitted to another jury.

The judgment is reversed and a new trial is awarded.