## Norristown Ford Co. *v.* Metropolitan Auto Dealer, Inc., Appellant.

646

Argued March 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Morton Newman,* with him *Rappeport & Newman,* for appellant.

*John E. Walsh, Jr.,* with him *Henry J. Morgan* and *White, Williams & Scott,* for appellee.

OPINION BY HIRT, J., June 11, 1957:

In this action in assumpsit, tried without a jury, the finding was for the plaintiff in the sum of $1,210 and judgment was entered in that amount.

These are the facts which we must take as established by the finding of the trial court: On July 17, 1952, the plaintiff sold to the defendant three used

automobiles for a total sum of $3,065. Upon payment by defendant of $2,065 of the purchase price, the three cars were delivered to the defendant and were accepted by it. The judgment here on appeal is for the unpaid balance of the purchase price, of $1,000 with interest. The defendant received proper assignments of the titles, not however at the time the three cars were delivered but within one week thereafter.

The Act of May 1, 1929, P.L. 905, §207(a), as amended, 75 PS §37(a) in part provides: "In the event of the sale or transfer of the ownership of a motor vehicle, trailer, or semi-trailer for which certificate of title has been issued, the owner of such motor vehicle, trailer, or semi-trailer shall execute an assignment of the certificate of title to the purchaser or transferee, . . . *at the time of the delivery to him of such motor vehicle, trailer, or semi-trailer.*" (Italics supplied). Under the single question raised in this appeal the defendant argues that because of the express provision of the above statute, as to the assignment of certificates of title with reference to the date of delivery of the motor vehicles, the sales contract in this case was "illegal void and unenforceable". On that ground the defendant contends that the plaintiff seller is "barred from recovering any unpaid balance of the purchase price."

Pa. R.C.P. 1030 provides that certain defenses, shall be pleaded in a responsive pleading under New Matter; and Pa. R.C.P. 1032 provides that subject to certain exceptions "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply . . ." We are unable to agree with appellee however that, since illegality was not pleaded in this case, the defendant is barred by the above rule from raising the question here. Goodrich-Amram in §1030-1.3 notes that illegality is an exception to the general rule that affirmative

defenses must be pleaded, since the legality of the transaction goes to the very basis of the plaintiff's claim. Although not pleaded the question of illegality and its effect may be raised at the trial, as it was in this case, and also on appeal. This was specifically held in *Howarth et ux. v. Gilman,* 164 Pa. Superior Ct. 454, 65 A. 2d 691 where we quoted with approval from *Brenner v. Pecarsky,* 86 Pa. Superior Ct. 414, which dealt with a contract for the sale of a second hand automobile allegedly in violation of a similar statute enacted in 1919. In that case we said: "The principal contention of appellant is that the contract between the parties is illegal and unenforceable, because it developed upon the cross-examination of plaintiff that the motor truck in question was a second-hand motor vehicle and that plaintiff failed and neglected to comply with the provisions of the Act of June 30, 1919, P.L. 702. The learned judge of the court below indicated in his opinion discharging the motions for judgment n.o.v. and for a new trial that, if this question had been raised by the affidavit of defense, plaintiff probably could not recover. He held, however, that as that defense was not raised by the pleadings or at the trial, it was unavailable to defendant, because Section 16 of the Practice Act of May 14, 1915, P.L. 483, provides that 'neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, except as provided in Sections 7 and 13.' All that that provision of the statute means is that a party may not, at the trial, make a defense not pleaded by him. It did not affect the rule that a plaintiff who fails to make out a case cannot recover. This Court said in Stein and Samson v. Slomkowski, 74 Pa. Superior Ct. 156, our Brother KELLER speaking: 'Of course, even under the present act (the Practice Act of 1915), if in order to make out his own case

the plaintiff is required to ground his action on something which is prohibited by the laws of the State or the United States, he cannot recover: Vandegrift v. Vandegrift, 226 Pa. 254; Blandi v. Pellegrini, 60 Pa. Superior Ct. 552.' That was the situation here when plaintiff disclosed by his evidence that he was asking the aid of the court to enforce a contract, the making of which was prohibited by the Act of 1919, P.L. 702. The court should have declared the legal effect of that disclosure."

The fact therefore that illegality was not pleaded is not fatal but the appellant is not aided in the present case by the holding in *Brenner v. Pecarsky,* supra or in *Miles v. Zorzi,* 88 Pa. Superior Ct. 231. Both of those cases are distinguished by the fact that in each of them no certificate or assignment of title was ever delivered.

The Act of May 1, 1929, supra, does not require strict compliance with its provisions nor make an agreement for the sale of motor vehicles illegal and unenforceable which does not comply with the Act in every respect. In 2 Restatement, Contracts, §598, it is said in comment (a) : "The statement that all illegal bargains are void is not wholly accurate" and in Comment (b) : ". . . even though a statute so states in terms, 'void' sometimes means voidable, and unless no other conclusion is possible from the words of a statute, or from the policy on which a statute is based, it should not be held to make all agreements contravening it wholly void." Appellee has support in relying upon that provision of the Restatement by our holding in *Braham & Co. v. Steinard-Hannon M. Co.,* 97 Pa. Superior Ct. 19, to the effect that an analogous provision, in the Act of May 24, 1923, P.L. 425, as amended, as to assignments of title was a police measure and was not designed as a method of establishing ownership of a car. This language of Judge KELLER

in that case is pertinent here: ". . . a failure to observe the statutory regulations prescribed for the sale or transfer of a second hand motor vehicle may subject the offending party to the penalty imposed in the Act, [in the present Act a fine of $25] but does not avoid the transaction nor deprive the owner of his property in the car nor affect his right to bring an action of replevin or for conversion, or file a property claim for it in enforcement of such right of ownership."

Plaintiff's compliance with the 1929 Act was substantial, and the defendant was not hurt in any respect by the delay of one week in the delivery of assignments of title to the automobiles. On the above principles plaintiff's judgment may not be disturbed.

Judgment affirmed.